JAMES S. MILLER, APPELLEE, v. SEYMOUR B. EASTMAN ET AL., APPELLANTS.

[FILED OCTOBER 1, 1889.]

1. Service by Publication: AFFIDAVIT: DEFECT.  Where the affidavit for an attachment of real estate and for service upon the defendant by publication shows the essential facts to confer jurisdiction, the court will look at both, and if a defect in the affidavit for publication is supplied in the affidavit for an attachment it will be sufficient.

**2. Bona Fide Purchaser.** Plaintiff held not to be an innocent purchaser and not entitled to relief.

APPEAL from the district court for Otoe county. Heard below before CHAPMAN, J.

*C. W. Seymour* and *O. P. Mason,* for appellants :

Even if the affidavit is defective, objection to service of process cannot be considered after confirmation. (*Gilbert v. Brown,* 9 Neb., 94.) The same rules apply to an attachment sale as to an execution sale. (*Helmer v. Rehm,* 14 Neb., 220.) Confirmation of sale cures all irregularities in the proceedings. (*McKeighan v. Hopkins,* 19 Neb., 40; *O'Brien v. Gaslin,* 20 Neb., 350.) Order of confirmation is final and not subject to collateral attack. (*Berkley v. Lamb,* 8 Neb., 398; *Neligh v. Keene,* 16 Id., 410; *Phillips v. Dawley,* 1 Id., 322; *McKeighan v. Hopkins,* 14 Id., 368; *Day v. Thompson,* 11 Id., 128.) The purchaser, upon payment and confirmation, becomes the equitable owner, and may compel issuance of sheriff's deed. (*Lamb v. Sherman,* 19 Neb., 687.) Power of court to compel issuance of such deed at execution sale is continuous and not exhausted by giving a defective deed. (Id.) Such deed dates from time lands became liable to satisfaction of judgment. (Id., 688.) The purchaser's title depends entirely upon final confirmation. (*State Bank v. Green,* 10 Neb., 134; *Miller v. Hall,* 1 Bush. [Ky.], 230.) Miller was not an innocent purchaser. (*Metz v. Bank,* 7 Neb., 172.)

*Edwin F. Warren,* for appellee :

A proper affidavit is a jurisdictional prerequisite. (*Blair v. Mfg. Co.,* 7 Neb., 146; *Atkins v. Atkins,* 9 Id., 191; *Frazier v. Miles,* 10 Id., 109; *Murphy v. Lyons,* 19 Id., 692.) Miller purchased from the apparent owner in good faith and must be protected in his title. (*Snowden v. Tyler,* 21 Neb., 216; *Shotwell v. Harrison,* 22 Mich., 410;

*Pringle v. Dunn,* 37 Wis., 449; *Coffin v. Ray,* 1 Metc. [Mass.]. 212; *Glidden v. Hunt,* 24 Pick. [Id.], 221.) If McCann ever had a claim it was lost by the adverse possession of Miller's grantor, and color of title was not essential. (*Horbach v. Miller,* 4 Neb., 47; *Gatling v. Lane,* 17 Id., 79; *Haywood v. Thomas,* Id., 240.) Uninterrupted possession for the required time is evidence of a fee. (*Stettnische v. Lamb,* 18 Neb., 626.)

MAXWELL, J.

On July 24, 1871, Dwight J. McCann commenced an action in the district court of Otoe county against Robert O. Old, on a promissory note, to recover the sum of two hundred and eighty dollars. Old was a non-resident, who at that time owned lots 1 and 2 in block 22, and lot 4 in block 17, in Belmont addition to Nebraska City.

Service was had by attachment levied on said lots 1 and 2, and notice by publication. December 22, 1871, judgment was rendered in said case in favor of the plaintiff for seventy-nine dollars and seventeen cents and costs, and a decree entered directing the sale of the lots attached to pay the same. The lots were duly advertised and sold. The sheriff made his report, and at the next term of said court, to-wit, on the 3d day of June, 1872, said sale was by the court confirmed, and the sheriff of said county directed to execute a deed for said lots to the purchaser at said sale— Dwight J. McCann. This deed was never executed, or if so, was not recorded. February 21, 1887, McCann, by an attorney in fact, conveyed said lots to Eastman, which deed was placed upon record February 22, 1887. On March 28, James S. Miller, the plaintiff, filed for record a deed of said lots purporting to have been executed February 24, 1887, by Robert O. Old, as grantor to said Miller. April 1, 1887, McCann made application to the district court of Otoe county for an order requiring the then sheriff of Otoe

county to execute the sheriff's deed to said lots, under the sale on the order of attachment and confirmation thereof in 1871. On April 4, 1887, this suit was instituted by Miller, the object and prayer of the petition herein being to quiet the title of said Miller as against the claims of the defendants, and to enjoin McCann from further proceeding to secure said sheriff's deed. On the final hearing the court found that the title to said lots was in the plaintiff Miller, and the same was quieted and confirmed in him as against the claims of these defendants, Eastman and McCann, and they were perpetually enjoined from securing or placing on record any deed therefor from the sheriff of Otoe county, by reason of the said judgment and sale. Eastman and McCann appeal to this court.

The first question presented is, Did the district court of Otoe county have jurisdiction in the attachment proceeding? The first ground of attachment under section 198 of the Code is, "that the defendant, or one of several defendants, is a foreign corporation or a non-resident of the state." The affidavit for an attachment is in the following form, omitting the title of the case:

"STATE OF NEBRASKA, )
   "COUNTY OF OTOE. }

"D. J. McCann, being duly sworn, says that he is the plaintiff named in the above entitled action; that said action is founded upon a promissory note dated at Nebraska City in said county, March 10, 1860, for thirty-seven dollars and twenty cents, due six months after said date, with interest at five per cent per month from maturity, executed and delivered by the said defendant to Julian Metcalf, trustee for Martha Ann Metcalf, and by her endorsed and delivered to this plaintiff. And deponent further says that said claim is just; that, as affiant verily believes, the plaintiff justly ought to recover of and from the said defendant the sum of thirty-seven and $\frac{20}{100}$ dollars, and interest thereon at the rate of five per cent per month from

the 10th day of September, 1860, amounting at the date of the commencement of this action to the sum of two hundred eighty dollars. And deponent further says, that the said defendant is a non-resident of the state of Nebraska, but is a resident of the territory of Colorado, and that affiant makes this affidavit for the purpose of procuring an order of attachment in said action.    D. J. McCann.

"Subscribed and sworn to before me this 22d day of July, 1871.    L. F. D'Gette,
"*Notary Public.*"

This was sufficient to authorize the issuing and levy of the attachment. The affidavit for publication, omitting the title of the cause, is as follows:

"State of Nebraska, }
  "County of Otoe. }

"D. J. McCann, being duly sworn, says that he is the plaintiff named in the above entitled action; that said action is brought to recover the sum of thirty-seven dollars and twenty cents, and interest thereon at the rate of five per cent per month from the 10th day of September, 1860, due plaintiff as indorsee of a certain promissory note for said sum, at interest as provided, from maturity, due six months after date thereof, to-wit, March 10, 1860; amounting at the date of the commencement of this action to the sum of $280.

" And deponent further says that the said defendant is a non-resident of the state of Nebraska, and is a resident of the territory of Colorado, and that service of a summons cannot be made upon the said defendant within the state of Nebraska, and that affiant makes this affidavit for the purpose of procuring service upon said defendant by publication in manner prescribed by law.

"D. J. McCann.

"Subscribed and sworn to before me this 22d day of July, 1871.    L. F. D'Gette,
" *Notary Public.*"

The third sub-division of section 77 of the Code authorizes service by publication "in actions brought against a non-resident of this state, or a foreign corporation having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way," and section 78 provides that before "service" can be made by publication an affidavit must be filed that service of a summons cannot be made within this state on the defendant, or defendants to be served by publication, and that the case is one of those mentioned in section 77. It will be observed that the affidavit complies substantially with the statute and is sufficient. And in a case of this kind the court will look at the entire record, and if it appear from all the affidavits before the court issuing the attachment that the essential facts to confer jurisdiction were duly sworn to therein, the judgment will not be declared void; therefore, even if the affidavit for publication was defective, the defect is supplied by the affidavit for the attachment, and is thereby cured. The court, therefore, in any view of the case, had jurisdiction and its judgment is not subject to collateral attack.

The testimony shows that Mr. Miller purchased with full notice of the defendant's rights and he is in no sense an innocent purchaser, and he merely took the interest of Mr. Old, which seems to have been sold to McCann. The judgment of the district court is reversed and the plaintiff's petition dismissed.

DECREE ACCORDINGLY.

THE other Judges concur.