## KEISEL v. REYNOLDS.

No. 12896. Opinion Filed Dec. 8, 1925.

### 1. Process—Service of Summons by Publication—Sufficiency of Affidavit.

Where the affidavit to obtain service of summons by publication recites that the defendant is a nonresident of the state of Oklahoma, and that service of summons cannot be made on said defendant with due diligence within the state of Oklahoma, because of the fact that the defendant is now and was at the time of filing this suit, a resident of the state of California, and resides, as affiant verily believes, in Los Angeles, and that his business and residence address in said city of Los Angeles is wholly unknown to this affiant, and your affiant further states that she wishes to obtain service on said defendant by publication, held, such affidavit is sufficient to authorize and sustain a proper publication of summons under section 4722, Rev. Laws 1910 (sec. 250, C. O. S. 1921).

### 2. Same—Attachment—Time of Commencement of Action—Effect of Second Affidavit and Publication After Quashing of First.

Where the plaintiff files her action for the recovery of money, and on the same day files her affidavit to obtain service upon a nonresident defendant by publication, and upon the following day publication is made, and the defendants thereafter appears specially and moves the court to quash the affidavit and the pretended service by publication, and the court, more than 60 days after the filing of the petition and the pretended service, sustains the motion to quash, and within 30 days thereafter plaintiff, by leave of the court, files her second affidavit for service by publication and makes her first publication on the day following the filing of the second affidavit, held, the second affidavit and publication relates back to the date of the filing of the action, and the action will be deemed to have been commenced at the time of the filing of the first affidavit and publication made thereon.

### 3. Innkeepers—Gratuitous Bailee of Baggage of Departing Guest.

Where a guest at a hotel checks out, gives up her room and pays her bill, she is no longer a guest at such hotel, and where, after she ceases to be such guest, she asks and obtains permission to leave her trunks at the hotel and directs them to be placed in the baggage room, the proprietor of the hotel is a gratuitous bailee as provided by section 1104, Rev. Laws 1910 (section 5201, C. O. S. 1921).

### 4. Bailment—Gratuitous Bailee—Care Required—Statutes—Instructions.

Section 1106, R. L. 1910 (section 5203 C. O. S. 1921) provides: "A gratuitous bailee must use at least slight care for the preservation of the thing bailed;" and section 2917, Rev. Laws 1910 (section 3531, C. O. S. 1921), defines slight care as follows: "Slight care or diligence is such as persons of ordinary prudence usually exercise about their own affairs of slight importance." Held, where the evidence proves, or reasonably tends to prove, a gratuitous bailment, it is error in the court to refuse to give to the jury instructions prepared and requested by the defendant defining gratuit-

ous bailment, and the degree of care to be exercised by a gratuitous bailee.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Jewel Reynolds against H. C. Keisel, as proprietor of the Bristol Hotel, and the Burd Baggage Company, to recover the value of a trunk and contents. Judgment for plaintiff against H. C. Keisel, and defendant Keisel appeals. Reversed and remanded.

D. S. Levy, for plaintiff in error.

Robertson & Lillard and A. E. Allen, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court. Plaintiff sued defendant alleging H. C. Keisel was the proprietor of the Bristol Hotel in Oklahoma City; that plaintiff was a guest of the hotel, and on "checking out," asked and received permission to leave her trunk in the baggage room of the hotel, and upon calling for it some days later, the trunk was not to be found, hence, this action for the value of the trunk and contents.

Affidavit for service by publication and attachment was filed on March 26, 1920. Defendant appeared specially and filed his motion to quash the service by publication, which motion was by the court sustained on June 19, 1920. On July 15, 1920, plaintiff filed her affidavit for service by publication and attachment of the Bristol Hotel property. The property was attached and appraised, and its value placed at $90,000. Defendant appeared specially and moved the court to quash the summons by publication and. the service thereof and the affidavit to procure the same, "for the reason that the same is illegal and void in that said affidavit to obtain such service by publication does not show that at the time of the making and filing of the same this defendant could not be served with summons in the state of Oklahoma, or was not in the state of Oklahoma at such time."

Defendant further. moved the court to discharge the attachment and dismiss the action, for that the petition in this cause having been filed March 26, 1920, and service by publication and attachment having been quashed by the court June 19, 1920, and the plaintiff having filed a new affidavit for service by publication and for attachment on July 15, 1920, defendant moved to quash the second affidavit and publica-

tion, discharge the attachment, and dismiss the action, for that there was no action pending or commenced at the time of filing the second affidavit or at the time of the first publication on July 16, 1920, and this action being for the recovery of money against the defendant purporting to be a nonresident of this state, and the affidavit for service by publication, having been filed and service of summons by publication having attempted to be made, and the order of attachment in the case having been issued at the time when no action against the defendant was pending, the court was without jurisdiction of the action or of the defendant.

The motions to quash and dismiss being by the court overruled, answer was filed, the cause tried to a jury, a verdict returned for plaintiff fixing her damages at $400, and defendant appeals, and assigns as error the action of the court in overruling defendants' motion to quash affidavit, summons, service, attachment, and to dismiss the action.

The affidavit to obtain service by publication contained the following:

"Affiant further states that defendant, H. C. Keisel, is a nonresident of the state of Oklahoma, and that service of summons cannot be made on said defendant, with due diligence within the state of Oklahoma, because of the fact that the defendant is now and was at the time of filing this suit, a resident of the state of California, and resides, as affiant verily believes, in Los Angeles, and that his business and residence address in said city of Los Angeles is wholly unknown to this affiant, and your affiant further states that she wishes to obtain service on said defendant by publication."

Defendant contends this affidavit is fatally defective and insufficient, in that it does not show or state that, while the defendant might be a nonresident of the state of Oklahoma and a resident of California, he could not be served with a summons in the state of Oklahoma, and does not show that defendant is not now within the state, or that he is a nonresident and cannot be served with summons in the state. There is no merit in defendant's contention. The affidavit specifically states that the defendant is a nonresident of this state and is a resident of California, and cannot with due diligence be served with summons in this state. It is impossible, in this day of rapid transportation, to definitely state where the physical body of a man may be within a few hours after he leaves your actual presence. or goes without the range of your vision, and a plaintiff is not re-

quired to issue a summons in every county in this state and have the sheriff make a house to house canvass in an effort to locate the defendant. The law does not contemplate such an absurdity. Cases are cited wherein it was held, that the affidavit was fatally defective for the reason that it failed to state the facts showing that the defendant could not be served by the exercise of due diligence but the cases cited, to wit: Griffin v. Jones, 45 Okla. 305, 147 Pac. 1024; Spaulding v. Polley, 28 Okla. 764, 115 Pac. 864; Fenton v. Burleson, 33 Okla. 230, 124 Pac. 1087; Ballew v. Young, 24 Okla. 182, 103 Pac. 623; Cordray v. Cordray, 19 Okla. 39, 91 Pac. 781, were decided under the law in force prior to the time the Revised Laws 1910 became effective. Section 5612, Comp. Laws 1909, authorized service to be made by publication, where any or all of the defendants reside out of the state, or where the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state.

Section 5613, Comp. Laws 1909, provides:

"Before service can be made by publication, an affidavit must be filed stating that the plaintiff, with due diligence is unable to make service of summons upon the defendant or defendants to be served by publication"

—and this court held that under these sections. it was necessary to state the facts constituting the diligence, but the Legislature amended the act relating to affidavits to obtain service by publication by inserting the words **"or where it is stated in the affidavit for service by publication"** that the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state. Prior to the amendment embodying the emphasized words, it was necessary to set forth the facts constituting the diligence used, but it is manifest the Legislature by this amendment intended to simplify the affidavit, by making it unnecessary to state the facts constituting the diligence used, and this appears to be the trend of the opinion since the adoption of the amendment, and in Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365, cited and relied upon by defendant, this court after reciting that the point contended for must be determined according to sections 5612 and 5613, Comp. Laws 1909, as the affidavit was filed prior to the time the Revised Laws of 1910 became effective, said in the body of the opinion:

"If the affidavit in the instant case had alleged that defendant was a nonresident of the state, and service cannot be had upon him within the state, or had alleged that the defendant was not at the time of making the affidavit within the state, it would have been unnecessary to allege other facts showing that service could not be had upon the defendant within the state."

The affidavit in the instant case was sufficient to authorize service by publication and the court did not commit error in overruling the defendant's motion to quash upon this ground.

The next assignment of error is levelled against the action of the court in overruling defendant's motion to dissolve the attachment and dismiss the action for that no action had been commenced or was pending when attachment affidavit was filed and the order of attachment issued.

Section 4812, Rev. Laws 1910 (section 340, C. O. S. 1921), provides:

"The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated."

This is followed by a recital of the grounds upon which an attachment may issue at the time or after an action has been commenced.

Section 187, C. O. S. 1921 (section 4659, Rev. Laws 1910, section 4218, Wilson's Rev. St. 1903) provides:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him. * * * Where service by publication is proper, the action shall be deemed commenced at the date of the first publication.

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly, and diligently endeavors to procure a service, but such attempt must be followed by the first publication or service of the summons within 60 days."

In passing upon this section, the Supreme Court of the territory of Oklahoma, in Kelly-Goodfellow Shoe Co. v. Todd, 5 Okla. 366, 49 Pac. 55, said:

"The section referred to provides that: 'An action shall be deemed commenced, within the meaning of this article, as to each defendant,' But the 'article' is a statute of limitations, enacted for the purpose of constituting a special defense, and bar to the action, on the ground of lapse of time between the incurring of a liability, and the attempt to enforce it by legal proceeding, and its provisions are expressly limited by the terms of the section itself, to 'the meaning of this article.'

"The statute does not apply to an action of replevin, unless the defendant should be setting up the statute of limitations as a bar to recovery, which is not the case."

Our attention is not directed to any opinion of this court wherein Kelly, etc., v. Todd, supra, was ever reversed or adversely commented upon, but our attention is called to Ballew v. Young, 24 Okla. 182, 103 Pac. 632, but we cannot concede the cited case is decisive of the point herein contended. In that case an affidavit for service by publication was filed, publication attempted to be made, and certain lands attached. The defendant made default and judgment was rendered. Thereafter one W. J. Bannon intervened, claiming ownership of the land, and moved to dissolve the attachment for irregularities in the attachment proceedings. Plaintiff, with consent of intervener, filed an amended affidavit for service by publication, and after discussing certain features of the affidavit, not necessary to be here discussed, this court, in the body of the opinion, says:

"Affidavits for publication are amendable as to some defects. Foreman v. Carter, 9 Kan. 674; Pierce et al. v. Butters, 21 Kan. 125, Harrison v. Beard, 30 Kan. 532, 2 Pac. 632; Long v. Fife, 45 Kan. 271, 25 Pac. 594.

"But where the affidavit fails to state directly, inferentially, or in any other way, any matter required by statute to be stated therein, it is fatally defective, and service by publication cannot be obtained thereon. Harris v. Claflin, 36 Kan. 543, 13 Pac. 830. Where the jurisdictional facts necessary to warrant service upon defendant by publication were in existence at the commencement of the action, and the affidavit for publication is defective only in that it states inferentially a matter required to be alleged therein, it is amendable even after judgment. Pierce v. Butters, supra; Harrison v. Beard, supra; Wilkins v. Tourtellott, 28 Kan. 589."

No such state of facts confronts us in the instant case. Here the petition was filed March 26, 1920, and affidavit for publication made and filed and publication made. On May 15, 1920, or 55 days thereafter, defendant moved to quash the same, and it was not until June 15, 1920, or 80 days after the affidavit was filed, that the court passed upon the motion and sustained the same. On July 16, 1920, the plaintiff filed a new affidavit, and caused publication to be made thereon. This second affidavit was attacked by defendant and its sufficiency has been passed upon in this opinion. It is not the policy of the law, where plaintiff has made an honest effort to obtain service by publication upon a nonresident, and the court does not pass thereon for more than 60 days after the filing of such affidavit, to deny plaintiff his day in court, or to require him to dismiss his action and refile the same, so as to enable him to file his affidavit and make publication within 60 days thereafter, and where the plaintiff in such case uses due diligence in filing his second affidavit and makes publication immediately thereafter, such affidavit and publication is sufficient to confer jurisdiction upon the court to hear and determine the issues thereafter joined.

Assignments of error Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13 are grouped under one head and relate to the refusal of the court to give certain instructions requested by defendant. It will be unnecessary to set the same out at length. In these instructions the court was requested to instruct the jury that when the plaintiff paid her bill and gave up her room at the Bristol hotel, and if she left her trunk at the hotel, and if she left her trunks at the hotel, with the consent of defendant's agent, until she could call or send for it, the defendant was what is known in law as a gratuitous bailee; that a gratuitous bailee is one who receives no compensation or consideration for taking care of the thing bailed beyond the mere possession of it; that a gratuitous bailee is required to use only slight care of the article bailed, and would only be liable for the want of slight care and gross negligence; that by slight care is meant such care as persons of ordinary prudence exercise about their own affairs of slight importance.

The record discloses the plaintiff, Jewell Reynolds, became a guest at the Bristol Hotel on the 25th day of February, 1920, and was requested to leave and was checked out by the management on March 7, 1920, and she requested permission to leave her trunks there, and she directed the porter to put them in the baggage room, which room was not enclosed by a door, and through which room persons passed to and fro on the way to the washroom. No check was placed upon either trunk, nor was any check given to plaintiff. After the trunks had been there about four days, the Burd Baggage Company employe appeared with a check of the "Sammies Baggage," and requested the delivery of a lady's trunk. Plaintiff's trunk was then standing in the middle of the baggage room with a "Sammies Baggage" check attached, and the number on the trunk check corresponded with the number on the check held by the Burd Baggage Company, and the trunk was delivered to that company, and the Burd Baggage Company gave the hotel porter the

company's check for the same. About one-half hour after the trunk had been removed, the plaintiff appeared, and, although she never mentioned her trunks, a porter volunteered the information that one of her trunks had just been taken to the Santa Fe depot. Plaintiff testified she put all her clothing, of the value of $1,320.45, in her wardrobe trunk, leaving her steamer trunk practically empty, and it was this wardrobe trunk to which the "Sammies Baggage" check was attached, while it was in this open space where scores of people passed every day, and where plaintiff had directed it to be placed, and while it is not known who placed the "Sammies" check thereon, it is evident the party so doing must have known which one of plaintiff's trunks contained the clothing and which one empty. Plaintiff denies that when she was requested to leave the hotel, she said she would "get even" with the proprietor, and upon the whole, we think the evidence was sufficient to warrant the court in overruling the defendants' motion for a directed verdict and submitting the case to the jury, but in so submitting it, it should have been submitted upon instructions properly defining the law.

The plaintiff directed where her trunks should be placed until she called for them; and had paid her bill, and checked out, and was no longer a guest at the hotel, and the defendant was merely a gratuitous bailee.

Section 1104, Rev. Laws 1910 (sec. 5201, C. O. S. 1921), defines a gratuitous bailee as follows:

"A gratuitous bailment is a bailment for which the bailee receives no considerations beyond the mere possession of the thing bailed."

Section 1106, Rev. Laws 1910 (section 5203, C. O. S. 1921), provides:

"A gratuitous bailee must use at least slight care for the preservation of the thing bailed."

Section 2917, Rev. Laws 1910 (section 3531, C. O. S. 1921), provides:

"Slight care or diligence is such as persons of ordinary prudence usually exercise about their own affairs of slight importance. Ordinary care or diligence is such as they usually exercise about their own affairs of ordinary importance, and great care or diligence is such as they usually exercise about their own affairs of great importance."

Section 2918, Rev. Laws 1910 (section 3532, C. O. S. 1921), provides:

"There are three degrees of negligence, namely, slight, ordinary and gross. The latter includes the former."

The defendant having requested instructions defining gratuitous bailees, and the measure of care required of them as provided by the statutes of this state, and supported by the weight of authority, we are of opinion the court committed reversible error in refusing same, and in instructing the jury that the defendant was required to use ordinary care instead of slight care.

Section 1109, Rev. Laws 1910 (section 5206, C. O. S. 1921), defines the care a bailee for hire must use as follows:

"A bailee for hire must use at least ordinary care for the preservation of the thing bailed."

The testimony proved conclusively that the defendant was a gratuitous bailee, under the statutes of this state, supra, and under the weight of the authorities.

In Hoffman v. Roessle, 81 N. Y. S. 291, the court said:

"Where a guest in a hotel surrendered his room after paying his bill, and departed, leaving his baggage in charge of the proprietor, who received and agreed to keep the same for the guest's accommodation until his return, the relation of innkeeper and guest was terminated and the innkeeper's liability for the baggage was that of a gratuitous bailee, * * * and as such he owed to the plaintiff simply slight care and can be held only for gross negligence."

This is the general rule as laid down in 16 Am. & Eng. Ency. of L., pp. 518-531; Van Zile on Bailments, par. 19; Story on Bailments, par. 23, and held in numerous opinions which we cite:

O'Brien v. Vaill (Fla.) 1 So. 137; Baker v. Bailey (Ark.) 145 S. W. 532; McKeever v. Kramer (Mo. App.) 218 S. W. 403; Adlex v. Planters Hotel Co. (St. Louis Ct. App.) 181 S. W. 1062; Stewart v. Head, 70 Ga. 449; Baehr v. Downey, 133 Mich. 163, 94 N. W. 750; Whitemore v. Haroldson, 70 Tenn. (2 Lea) 312; Watkins v. Hotel Tutwiler (Ala.) 76 So. 302.

By far the greater number of decided cases involving this question appear to have grown out of a condition such as confronts us in the instant case, that is, where a departed guest has requested permission to leave baggage at the hotel.

The defendant in this case was entitled to the instructions requested defining a gratuitous bailee and the care required of him, and the refusal of such instructions and the giving of instruction No. 2, casting upon the defendant the burden of ordinary care, was prejudicial error, for which the judgment of the trial court will be reversed, and this cause remanded for a new

trial in conformity with the opinion herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 475. (2) 32 Cyc. p. 473. (3) 32 C. J. p. 536, §16; anno. 28 L. R. A. (N. S.) 495; L. R. A. 1916F, 235; 4 A. L. R. 1222; 14 R. C. L. p. 532; 3 R. C. L. Supp. 244, et seq.; 5 R. C. L Supp. 770. (4) 6 C. J. pp. 561, §68; 1120, §59; 1125, §65.