## KROEGER v. PARKER.

No. 17547.    Opinion Filed Oct. 4, 1927.

(Syllabus.)

1. **Attachment—Service by Publication—Authority of Trial Court to Permit Amendments of Affidavits.**

In a proceeding for service by publication, where there are errors in the writ of attachment and in the affidavit of mailing and in the affidavit for service by publication, under section 318, C. O. S. 1921, the trial court has authority to permit such affidavits to be amended to conform to the pleadings or proceeding when such amendment does not change substantially the claim or defense.

2. **Judgment—Validity—Process — Service by Publication.**

The court will look at the entire record, and if it appear from all the affidavits before the court issuing the process that the essential facts to confer jurisdiction were duly sworn to therein, the judgment will not be declared void.

3. **Process—Service by Publication—Sufficiency of Affidavit.**

An affidavit for service by publication alleging that the defendant is a nonresident of the state, and that the plaintiff is unable to obtain service of summons in Oklahoma on the defendant, is sufficient without the additional allegation that the plaintiff exercised due diligence to obtain personal service.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by W. G. Parker against August Kroeger. Judgment for plaintiff, and defendant brings error. Affirmed.

Stacy Wells, for plaintiff in error.

Loofbourrow & Loofbourrow, for defendant in error.

HEFNER, J. W. G. Parker was the plaintiff below and August Kroeger the defendant below. They will be referred to herein as they appeared in the trial court.

This is an appeal by the defendant on the transcript of the record from a default judgment in favor of the plaintiff in the approximate sum of $5.000 based on an attachment and service of summons by publication. The appeal is based solely on jurisdictional grounds. On the day the suit was filed the affidavit for attachment. was prepared and filed by the plaintiff, and the affidavit is in proper form. It is claimed, however, that the writ of attachment is void. Omitting the formal parts, it reads as follows:

"You are commanded to attach the lands, tenements, goods, chattels, stocks, rights, moneys and effects of the above named defendant August Kroeger not in this state, not exempt by law from being applied to the payment of the above-named plaintiff's claim of three thousand nine hundred thirty-eight and 55/00 dollars, or so much thereof as will satisfy said plaintiff's claim fifty and no/100 dollars, the probable cost of the above entitled action and attorney's fee. And return this writ on the 7th day of June, 1924."

Acting under this writ of attachment the sheriff levied. on property situated in Beaver county, Okla., and belonging to the defendant. This was the county in which the suit was filed.

After the levy was made the plaintiff, over the objection of the defendant, was permitted to amend the writ of attachment by making it recite that the property levied upon was situated in Beaver county, Okla. The defendant urges that the court was without jurisdiction to allow this amendment and that the writ of attachment was wholly defective and void. The plaintiff contends that the affidavit for the writ was in proper form and that the writ issued under the affidavit was not void and that the court had authority under our statute and decisions to allow the amendment.

This question is not free from doubt, but we have reached the conclusion that under our statute and the adjudicated cases the court had authority to permit the amendment.

Section 318, C. O. S. 1921, is as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceedings to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

This statute authorizes the court to permit an amendment of any pleading, process, or proceeding by adding or striking out the name of any party or correcting a mistake in the name of a party, or a mistake in any other respect. It will be remembered that the sheriff, under the writ, levied on property in the county where the suit was filed and in the county in which he was sheriff. We think, under our statute, the trial court had authority to permit the writ of attachment to be amended to conform with the facts in the case.

For reversal of the judgment, it is next urged by the defendant that the affidavit of service by publication was fatally defective. The defendant lived in the state of Illinois at the time the suit was filed. The defendant appeared specially and for the purpose of his motion only, and moved the court to quash the summons for reason that the same was not issued, served, and returned according to law. On motion of the plaintiff. he was permitted to amend his affidavit for service by publication and his affidavit of mailing. The manner in which the affidavits were permitted to be amended sufficiently appears from the order of the court allowing the amendments; which order, omitting the formal parts, is as follows:

"Now on this 16th day of March, 1925, the above styled cause comes on to be heard upon the plaintiff's motion. to amend writ. of attachment, affidavit for service by publication and affidavit of mailing; said plaintiff appearing by his attorneys, Loofbourrow & Loofbourrow, and said defendant appearing specially by Stacy Wells, his attorney; and the court having read the application to amend as aforesaid, and having heard the argument of counsel and the authorities by them produced; and. it appearing to the court that the said writ of attachment had a clerical error in it in the fifth line that the word 'not' should have been 'now' and after the word 'in' the words 'this state' should have been the words 'Beaver county, Oklahoma'; and it appearing to the court that plaintiff wished. to amend his affidavit of mailing by striking the words 'last known' in the ninth line of said affidavit; and that plaintiff wishes to amend his affidavit for service by publication by striking the words 'last known' from the first line of the third

paragraph thereof, and by changing the word 'was' to 'is' in the second line of said third paragraph; the court finds that the said plaintiff should be allowed to make such amendments as aforesaid.

"It is therefore considered, ordered, and adjudged that said plaintiff be allowed to make the said amendments and changes in the writ of attachment, affidavit for service by publication, and affidavit of mailing; to which ruling said defendant has excepted, and said exception is by the court allowed."

The affidavit for service by publication contains this paragraph:

"Affiant further states that the said defendant August Kroeger on the 5th day of June, 1924, and on the 28th day of May, 1924, resided out of the state of Oklahoma, and was then a nonresident of the state of Oklahoma, and that plaintiff could not on said dates make service of summons upon the defendant in the state of Oklahoma, even though due diligence was used."

Defendant contends that this affidavit does no more than state that the defendant was a nonresident of the state on the two dates mentioned. This would probably be true if it were not for another paragraph of the affidavit which is as follows:

"Affiant further states that at the time this suit was filed herein and at all times since the place of residence of said defendant has been and is Downers Grove, Illinois."

Under the last paragraph quoted it clearly shows that the defendant was a nonresident of the state of Oklahoma at the time the suit was filed and at all times since the filing of the suit. In addition to this, the affidavit for attachment contains this paragraph:

"That said defendant is a nonresident of the state of Oklahoma, that this action is one arising under contract, to wit, two promissory notes—and arose wholly within the state of Oklahoma. Please issue order of attachment."

Where the facts exist for service by publication at the time the suit is filed, it has been held that the court will look at the entire record, and if it appear from all the affidavits before the court issuing the process that the essential facts to confer jurisdiction were duly sworn to therein, the judgment will not be declared void. In discussing this proposition this court in the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, at page 697, used this language:

"In Miller v. Eastman, 27 Neb. 408, 43 N. W. 179, defects in the affidavit for publication in an attachment suit were supplied by reference to the affidavit for attachment.

The opinion in that case says: 'The court will look at the entire record, and if it appear from all the affidavits before the court issuing the attachment that the essential facts to confer jurisdiction were duly sworn to therein, the judgment will not be declared void.' Also, Jones v. Danforth, 71 Neb. 722, 99 N. W. 495; Bray v. Marshall, 75 Mo. 327.

"Neither is the affidavit for publication defective because it fails to state the plaintiff exercised due diligence to obtain personal service in this state. An affidavit for service by publication alleging that the defendant is a nonresident of the state, and that the plaintiff is unable to obtain service of summons in Oklahoma upon the defendant, is sufficient without the additional allegation that the plaintiff exercised due diligence to obtain personal service."

It therefore appears that under the provisions of our statute and the adjudicated cases, both in our own and in other states, the plaintiff had the right to amend the writ of attachment, affidavit of service by publication, and the affidavit of mailing, and that the trial court was justified in overruling the motion of the defendant to quash the service and in rendering judgment for the plaintiff.

It follows therefore that the judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 6 C. J. p. 190 §347; 32 Cyc. pp. 536, 537; 21 R. C. L. p. 1331; 6 R. C. L. Supp. p. 1308. (2) 33 C. J. p. 1093, §53. (3) 6 C. J. p. 475, §1118; 32 Cyc. p. 478; 21 R. C. L. p. 1294.