## LOCKE v. GILBERT.

No. 18845.   Opinion Filed Sept. 18, 1928.

Rehearing Denied Oct. 30, 1928.

J. E. Whitehead, Charles E. Wells, and B. C. Logsdon, for plaintiff in error.

Clarence Robison, for defendant in error.

HALL, C. This is an appeal by defendant, Joseph F. Locke, from an order denying his motion to vacate a judgment rendered against him on substituted service by publication; the ground of objection, as set up in the motion, being that the court was without jurisdiction to render judgment because the defendant, at the commencement of the suit and all material times thereafter, was a resident of this state, and that he had never secreted himself for the purpose of evading the service of process; and that, therefore, the service was obtained upon him by fraud.

The proceeding was by motion. The plaintiff appeared specially to contest the motion. He objected to the method of procedure. The court at that time overruled the objection. Much evidence was introduced by defendant in support of his motion. There was introduced documentary evidence consisting of certain records of the filing of certain deeds in the office of the county clerk, the appearance docket in the present case, and all the papers and files pertaining to the publication notice, except the affidavit of mailing in connection with the service of process. At the conclusion of the testimony, the court overruled the motion to vacate the judgment. No motion for new trial was made, but upon a motion to dismiss the appeal, this court denied the motion to dismiss.

In this court, defendant, plaintiff in error, relies upon matters disclosed upon the face of the record, and also urges matters shown by extrinsic evidence.

The particular theory upon which the case was tried in the lower court was alleged fraudulent conduct in obtaining service upon the defendant. The court held that the mode of attack, which was by motion, was insufficient, and that it was necessary for the proceeding to be by petition filed and summons issued to the adverse party. We think that was error. Hockaday v. Jones, 8 Okla. 159, 56 Pac. 1055; Pettie v. Johnston, 78 Okla. 277, 190 Pac. 681; George v. Kinard, 84 Okla. 95, 202 Pac. 503.

It clearly appears that the vital issue in the case was not directly presented to the trial court; such vital issue being whether or not the substituted service of process was valid, in view of the affidavit of mailing, which affidavit only recited that a copy of petition was mailed to the defendant, instead of **both petition and publication notice,** as required by the statute, section 252, Comp. Stat. 1921.

The requirements of that section of our statute, as well as all other statutes providing for substituted service, are mandatory, and there must be a strictly substantial compliance therewith; otherwise, the judgment based upon such service is invalid. If the failure to comply with the provisions of this statute appear upon the face of the record, as in the present case, the judgment is void. The rule was stated by the New York Court of Appeals, in Erickson v. Macy, 231 N. Y. 86, 131 N. E. 744, 16 A. L. R. 1322, as follows:

"Substituted service, when provided by statute, is in derogation of such general rule (requiring personal service), and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court. Korn v. Lipman, 201 N. Y. 404, 94 N. E. 861."

We do not mean to be understood as declaring that there must be a literal compliance with all the terms of the statutes. The statute only demands a strictly substantial compliance with its provisions. For example, the courts have held the term "residence of the defendant," as used in the statutes, to be synonymous with the expression, "the last known address of the defendant." San Diego Sav. Bank v. Goodsell (Cal.) 70 Pac. 299. And in Mudge v. Steinhart, 78 Cal. 34, 20 Pac. 147, it was held a substantial compliance with the statutes regarding the mailing of a copy of the affidavit and notice that the letter containing them was deposited in the post office at San Francisco instead of San Diego, the destination of the letter being New York City.

However, in the present case, there is a total absence of an affidavit to the effect that a copy of the publication notice was mailed to the defendant.

The notice, in point of law, is just as essential as the copy of the petition; and, in point of fact, the notice is the most essential. However, by reason of the fact that the defective affidavit of mailing was not relied on in the court below, at least, it was not presented, we do not deem it just to reverse the judgment and render judgment for the defendant.

In all probability, the affidavit speaks the truth; but in case it does not speak the truth, and after it has been directly assailed for the first time, which is in this court, the plaintiff should be given an opportunity to apply to the court for leave or permission to amend same. Such an amendment, if the facts warrant such, is permissible under the recent decisions of this court in the cases of Kroeger v. Parker. 127 Okla. 56, 259 Pac. 861; and Burnham v. Edwards, 125 Okla. 272, 257 Pac. 788.

For the reason herein stated, the judgment of the court below is hereby reversed, with directions to grant a rehearing on the motion to vacate the judgment.

TEEHEE, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.