### INGRAM v. McCREADY.

No. 18195. Opinion Filed March 26, 1929.

Saunders & Emerick, for plaintiff in error.

Wm. Blake, for defendant in error.

LEACH, C. On January 11, 1926, C. W. Mellen, as plaintiff, obtained a judgment in the district court of Pottawatomie county, foreclosing a real estate mortgage given as security for notes sued upon, in which action and foreclosure judgment C. H. McCready, with other parties, was named as defendant, and notice of suit was given such named defendant by publication and default judgment rendered against him. An order of sale was issued in the cause, and a sheriff's sale of the land involved made on August 24, 1926, to H. L. Ingram, which sale was confirmed.

On October 19, 1926, C. H. McCready filed a motion, reciting that he made a special appearance for the purpose of the motion alone, to set aside and vacate the judgment so rendered in favor of Mellen, plaintiff, upon the grounds that the purported service by publication on the movant was void on its face and insufficient to confer jurisdiction of C. H. McCready, for the reason that the person named therein as defendant is designated C. H. McReady, when in fact his name is McCready; that the affidavit, in pursuance of which the purported service by publication was had, does not state as a fact that movant, named as C. H. McReady, was a resident of the state of Arizona or a nonresident of the state of Oklahoma, or absent therefrom, but merely recites that affiant therein was so informed, and it is therefore based wholly upon hearsay; that the affidavit for service by publication fails to set forth any facts or acts showing diligence to obtain service within the state of Oklahoma; that at the time of bringing said action, and for many years prior thereto and during all the time said action was pending, C. H. McCready was an actual, well-known resident of and maintained offices within the city of Tulsa; that from the time of filing said cause until judgment was rendered, C. H. McCready was not absent from the state of Oklahoma for a period to exceed four days; that he had no notice or knowledge in any way that the action was pending until the latter part of September, 1926; that the plaintiff did not mail a copy of the petition with a copy of the publication notice attached thereto to C. H. McReady, styled C. H. McReady, within six days after the first publication of notice was made, nor did plaintiff file an affidavit in the cause reciting that the residence or place of business of said defnedant was unknown to him and could not be ascertained by any means within his control; that said judgment is void on its face. Movant prayed that the judgment rendered against him be held void, set aside, and canceled.

Written notice, with a copy of the motion attached thereto, showing date when such motion would be presented, was given all parties to the action by delivery of the notice to them, including delivery to H. L. Ingram, the purchaser at the sheriff's sale. When the motion came up to be heard before the court, the plaintiff, Mellen, appeared by his attorneys, Saunders & Emerick, who interposed an oral objection to the jurisdiction of the court as to H. L. Ingram in the following language:

"At this time we appear also for H. L. Ingram, and interpose objections to the jurisdiction of the court for the reason the notice served upon Ingram does not give jurisdiction to the court to hear any matter pertaining to him concerning any matter set forth in the motion, Ingram not having been a party to this action and the records so show"

—which objection was overruled with exception. The plaintiff, Mellen, objected to the introduction of any testimony concerning or seeking to vacate the judgment for the reason the application to vacate did not conform to the provisions of section 256 of

the Oklahoma Compiled Statutes, and upon the same ground moved to strike the evidence at its close, which objection and motion were denied with exceptions. Such objections and motion are the only ones shown in the record of the proceedings at the hearing upon the motion except the exception of the plaintiff to the order of the court sustaining the motion.

The trial court sustained the motion to vacate the judgment as to the movant, C. H. McCready, on the ground the same was void. The journal entry of judgment or order vacating the former judgment is in part as follows:

"And now, on this November 15, 1926, this cause came on to be heard upon the motion filed herein by C. H. McCready to set aside and vacate the judgment rendered in this cause on January 11, 1926; the plaintiff appeared by Saunders & Emerick, the defendant C. H. McCready appeared by his attorneys of record, and H. L. Ingram appeared specially by Saunders & Emerick, his attorneys, for the purpose only to question the jurisdiction of the court as to him. Whereupon the said H. L. Ingram interposed an objection to the introduction of any testimony in said cause as affecting his rights therein as purchaser at the sheriff's sale, for the reason that the said H. L. Ingram was not and is not a party to this action, and for the reason that the court does not have jurisdiction over the said H. L. Ingram, he having been served only by notice, as is shown by the proof of notice filed herein, and appears only to challenge the jurisdiction of the court; the court overruled his objection and held the service of notice sufficient to give the court jurisdiction over the said H. L. Ingram, to which ruling of the court the said H. L. Ingram duly excepted and objected at the time and had his exceptions allowed. The said H. L. Ingram gave notice in open court of his intention to appeal to the Supreme Court of the state of Oklahoma from the decision of said court, and said notice was ordered spread of record as provided by law. For good cause shown, it is ordered that the said H. L. Ingram be and he is hereby granted 60 days from this date in which to make and serve case-made. * * *"

From the order and ruling of the court, the said H. L. Ingram brings this appeal, and as grounds for reversal sets forth the following in his petition in error:

"(1) That said court erred in overruling the motion of the said H. L. Ingram for a new trial.

"(2) Said court erred in not rendering judgment for the said H. L. Ingram, plaintiff in error, on the pleadings.

"(3) Said court erred in not rendering judgment for the plaintiff in error, H. L. Ingram, on the evidence.

"(4) Said court erred in admitting evidence on the part of the defendant in error which was over the objections of the said plaintiff in error, H. L. Ingram, which was excepted to at the time.

"(5) Said court erred in questions of law occurring at the trial."

After referring to the assignments of error, it is stated in the brief of plaintiff in error, Ingram:

"As there is only one question involved in this case, we will argue all the assignments together, that is: That the court never, at any time during the proceedings, acquired jurisdiction of the said H. L. Ingram, and that this court does not have jurisdiction of the said H. L. Ingram for the reason that the said H. L. Ingram was not a party to the suit and relied solely upon the record, which was fair on its face, in the purchase of the said real estate, which was offered for sale at public outcry by the sheriff after due notice given upon a judgment obtained in the district court of Pottawatomie county, which judgment was valid and fair upon its face. * * *

"It may be possible that, in so far as Mellen is concerned, that the service of notice, as attempted by the defendant in error, was sufficient to bring him into court and set aside the judgment in personam, but under no conditions could this procedure affect the right of the plaintiff in error. The procedure in cases of this kind is laid down in section 256, C. O. S. 1921."

After quoting the section of statute referred to, plaintiff in error says the movant did not bring himself within the provisions thereof, and refers to cases construing such statute; says the defendant, movant, by filing his motion entered his general appearance in the cause, thereby making the judgment valid; and further contends that the affidavit to obtain service by publication filed in the case was sufficient under the holding of Keisel v. Reynolds, 125 Okla. 295, 244 Pac. 1104.

The defendant in error contends that the judgment of January 11, 1926, was void and subject to be vacated at any time on motion as provided by section 817, C. O. S. 1921. It is apparent from the record that the movant, McCready, was not proceeding under the provisions of section 256 of the statutes, to have the judgment opened and be let in to defend, thereby recognizing the jurisdiction of the court, but he challenges the jurisdiction and sought to have the judgment vacated and held void under a

different section of statute. Authorities cited and argument advanced by the plaintiff in error upon that point are not applicable, if the judgment be void as contended by movant. Section 811, C. O. S. 1921, provides in part that:

"Proceedings to correct mistakes, or omission of the clerk or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

Section 817, C. O. S. 1921:

"A void judgment may be vacated at any time on motion of the party or any person affected thereby."

If it was necessary to serve the plaintiff in error, Ingram, with notice of the filing and presentation of the motion to vacate the judgment, then the notice served was a sufficient compliance with the provisions of sections 811 and 817 of the statute, and sufficient, as we view it, to give the court jurisdiction of the plaintiff in error. If it was necessary to serve such notice upon plaintiff in error, then we fail to see wherein he was injured or his rights prejudiced thereby, or that by so doing there was sufficient error or grounds shown which would warrant vacating the order setting aside the judgment as to McCready and reversing the same.

In 23 Cyc. p. 951, sec. 6, it is said:

"As a general rule all the parties to a judgment should be made parties to a proceeding to vacate or open it, as well as those who may have acquired interest in the judgment, or under it, and therefore have an interest in maintaining it."

In the case of Molloy v. Batchelder, 69 Mo. 503, a memorandum opinion lays down the following rule in the syllabus:

"A motion to set aside a judgment after third persons have acquired an interest in property sold under the execution, is properly denied, if such persons are not made parties or notified of the motion."

In the case of Harding v. Gillett, 25 Okla. 199, 107 Pac. 665, Harding purchased real estate that was sold at sheriff's sale under foreclosure judgment, which judgment was later vacated on motion, and he contended that the proceedings upon the motion to vacate and set aside the decree of foreclosure and the sale were not due process of law; the court in the body of the opinion stated:

"* * * We think the contention without merit. Section 4767, Wilson's Rev. & Ann. St., in part provides: 'A void judgment may be vacated at any time on motion of a party or any person affected thereby. * * *' The provision adds nothing to the power already possessed by the court under the common-law rule under which the court may, at any time during the term at which any void judgment is rendered, set the same aside without notice, and may do so at any time after the term upon reasonable notice given to the parties affected by the order. Freeman on Judgments, vol. 1, par. 103; Foreman v. Carter et al., 9 Kan. 674; Hanson v. Wolcott, 19 Kan. 207. Section 4761 (811, C. O. S. 1921), provides that proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining a judgment or order shall be by motion upon reasonable notice to the adverse party or his attorney in the action. This section has been construed to apply to proceedings of the character now under consideration, and to require notice to the adverse party. Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054.

"Plaintiff in error is not an innocent purchaser. * * * He acquired by his purchase from the purchaser at the void foreclosure sale no title whatever to the mortgaged premises. By subrogation he succeeded to the rights of the mortgagee, the plaintiff in the foreclosure proceeding. He became the owner of the mortgage indebtedness and the mortgagee's lien. He in fact became the adverse party, the real party in interest. Notice was served upon him of the proceeding to vacate the defective judgment. * * *

"Due process of law, by the federal constitution, requires only that a party shall have reasonable notice and shall have an opportunity to be heard before the issues are decided against him. All of this plaintiff in error has had in this proceeding. Louisville & Nashville Ry. Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747. * * * And a remedy by motion in a state court which gives notice and affords an opportunity to be heard has been held to be sufficient to constitute due process of law. Iowa Ry. Co. v. Iowa, 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467."

"Where a judgment is sought to be vacated because of improper service of process upon the defendant, a motion pursuant to Comp. Okla. Stat. 1921, sec. 811, is a proper procedure." Locke v. Gilbert, 133 Okla. 93, 271 Pac. 247.

Since it appears the defendant in error here, the movant, was proceeding under a provision or section of the statute which provides that a judgment may be corrected or vacated by motion, we are of the opinion and hold that the service of motion upon the plaintiff in error was sufficient to give the court jurisdiction of him in the mat-

ter and proceeding in so far as his rights were affected, and no reversible error is shown in the ruling of the court on plaintiff in error's motion and no grounds are shown thereunder warranting a reversal of the order of the court.

It is not pointed out by plaintiff in error in his brief, although he makes such contention, wherein the movant, defendant in error, entered his general appearance in the cause by filing his motion to vacate the judgment or plead nonjurisdictional grounds therein, and we fail to find where such contention is supported by the record.

If it should be conceded that the affidavit for publication notice of suit or process was sufficient under the holding in Keisel v. Reynolds, supra, as stated by plaintiff in error, the process would not be complete or sufficient unless a copy of petition and notice of suit were mailed to the defendant, or affidavit filed as provided by section 252, O. O. S. 1921. Stumpff v. Price, 74 Okla. 117, 177 Pac. 109; Locke v. Gilbert, supra.

As we view the record, the plaintiff in error objected to the jurisdiction of the court on the ground that he had not been a party to the foreclosure suit and judgment, and that the motion to vacate the judgment and service of notice of the same upon him gave the court no jurisdiction over him, and he appealed from the ruling of the court on that objection. He made no objection to the ruling and order of the court otherwise, and from the statements in his brief it would appear he relies chiefly upon his objection to the jurisdiction of the court over him.

However, we have examined the entire record presented in this appeal with a view of ascertaining whether the movant, defendant in error, was entitled under the law and record to the relief granted, and we find the record sufficient to sustain the order and judgment of the trial court vacating its former judgment in so far as such judgment affected the movant.

Finding no sufficient grounds warranting a reversal of the ruling, order, and judgment of the trial court appealed from, the same is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is ordered.