FRANK P. BLAIR, *Appellee*, V. G. PORTER CRADDOCK,
*Appellant.*

No. 17,602.

### SYLLABUS BY THE COURT.

QUIETING TITLE—*Tax Deed—Ejectment—Patent Title—Limitation of Actions.* A tax-deed holder in possession brought suit to quiet his title. While the action was pending, and before the tax deed was five years of record, the holder of the patent title brought an independent action of ejectment. After the tax deed was five years of record the two actions were consolidated. The holder of the patent title took leave to file an answer in lieu of his ejectment petition, in which he abandoned his claim for affirmative relief, contented himself with defending against the proceeding to quiet title, and asked merely to be discharged with costs. The tax-deed holder then dismissed at his own cost. Immediately after the dismissal the patent title holder was permitted to amend his answer by reasserting his cause of action for ejectment, upon which he recovered. *Held*, that the filing of the amendment should not relate back to the commencement of the action so as to deprive the tax deed of the protection of the five-year statute of limitations; and that with this restriction placed upon the amendment, the court did right in allowing it to be filed, notwithstanding the dismissal.

Appeal from Morton district court. Opinion filed May 11, 1912. Reversed.

*G. Porter Craddock, William Easton Hutchison,* and *C. E. Vance,* for the appellant.

*W. R. Hopkins,* and *Richard J. Hopkins,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: Blair, as the holder of the patent title, recovered in ejectment against Craddock, the holder of a tax deed, who appeals.

At a certain stage of the proceedings Blair had pending an action of ejectment against Craddock, who was in possession of the land, and Craddock had

Blair v. Craddock.

pending an action to quiet his title against Blair. By consent of the parties the two actions were con-consolidated. Blair took leave to file an answer "in lieu of his petition" in the ejectment case. In this answer he abandoned his claim for affirmative relief, contented himself with merely defending against the proceeding to quiet title, and asked for nothing except to be discharged with costs. Craddock then dismissed at his own cost. Immediately upon the granting of the order of dismissal Blair asked to amend his an-swer, and, over objection that no action of any kind was pending, was allowed to do so. The amendment was entitled in the action to quiet title and repleaded the cause of action for ejectment. A motion to strike out the answer, made under special appearance, was over-ruled. Craddock then filed a defensive pleading, and the case was tried with the result stated.

The tax deed was recorded on December 11, 1903. On December 10, 1908, while the suit to quiet title was pending and one day before the record of the tax deed became five years old, the action of ejectment was commenced. On December 12, one day after the record became five years old, the consolidation took place and Blair took leave to answer the petition to quiet title in lieu of his petition in ejectment. The proceedings upon which the tax deed was based were probably defective. Craddock could not use the statute of limitations to make out a case and a defensive answer was all that was necessary to defeat him. When Craddock, in view of his situation, dismissed, Blair found the five-year statute of limitations in favor of the deed confronting him. Consequently he insists that the pleading he was allowed to file after the dismissal should relate back to the commencement of the ejectment suit. Craddock asserts that all the proceedings after the dismissal were without jurisdiction; but if such proceedings are to be recognized the doctrine of relation should have no application.

It will be observed that there are no "equities" in the case. Each party sought, by skillful maneuvering, to entrap his adversary, and the court has nothing to do but to state the legal result.

If the pleadings had not been recast Blair's petition in ejectment would have stood as an answer to Craddock's petition to quiet title, and as a demand for affirmative relief. He voluntarily chose, however, to discard his cause of action for ejectment and his claim for affirmative relief and to substitute for his petition a purely defensive answer to Craddock's petition to quiet title. He thereby elected to limit the scope of the consolidated case to one to quiet title in which he asked for nothing but his discharge with costs. This was a piece of strategy, certain to result in Craddock's defeat, and in Blair's estimation served his purpose better than to prosecute his cause of action for ejectment. When Blair eliminated the ejectment feature from the consolidated action there was nothing left of it except Craddock's portion, involving Blair's discharge with costs. Craddock's dismissal discharged Blair, gave him his costs, and the pending litigation was at an end.

The case differs from that of *Hillyer v. Douglass,* 56 Kan. 97, 42 Pac. 329, in that the parties here were not seeking a full and complete adjudication of their rights. The form of the proceeding was changed by the voluntary choice by one of the parties, for his own advantage, of a specific kind of pleading, and a formal order of dismissal was entered by the court. The order of dismissal which, as the pleadings then stood, ended the case, was not set aside. Blair did not ask leave to amend or to reinstate his defunct petition in ejectment. He asked leave to amend his defensive answer to the petition to quiet title. He had already received all he asked for in that answer, the petition to quiet title had been dismissed, there was nothing left for him to answer, and no proceeding remained in which to an-

swer; consequently the filing of the so-called amendment amounted to nothing short of the institution of a new proceeding in ejectment, which necessarily dated from the time it was filed.

Giving to the proceeding the effect just described the court did right in entertaining it. Blair might have filed a petition in ejectment and caused summons to issue instanter. No beneficial purpose could be subserved by compelling these steps to be taken. Time and expense could be economized and the parties could be placed in the same situation by allowing Blair to plead anew while no substantial right of Craddock could be impaired.

Craddock's title depends upon the sufficiency of his tax deed upon its face. It is claimed that the tax deed is invalid on its face because the sale price is not stated, because of inconsistent recitals, and because the consideration for the conveyance is too large. The sale price can be ascertained by simple computation. The taxes of 1900 were necessarily, under the law, included in the consideration for the assignment. They were, however, taxes subsequent to those for which the land was sold and were paid by the assignee of the certificate, so that there is no inconsistency in the recitals. The deed being five years old when attacked is entitled to receive the interpretation, and to be given the benefit of the inferences and presumptions, usual in such cases. The taxes of 1901 were not included in the sum paid for the assignment of the certificate. (*Gibson v. Trisler,* 73 Kan. 397, 85 Pac. 413.) The date when they were paid is not stated. Any date may, therefore, be assumed, and by selecting one late enough the interest on the amount paid may be reduced sufficiently, if necessary, to allow the inclusion of the fee for recording the deed in the consideration. (*Kennedy v. Scott,* 72 Kan. 359, 83 Pac. 971.)

The deed being valid on its face and of record more than five years, the proceedings upon which it was

based were not open to question and Craddock should have recovered. The judgment is reversed and the cause is remanded with direction to render judgment according to this view.