## DOW v. COWLEY-FRYE LBR. CO.

No. 16311—Opinion Filed April 6, 1926.

Rehearing Denied July 13, 1926.

**Judgment—Service by Publication—Mailing Copy of Petition—Necessity.**

Section 252, C. S. 1921, which provides, where service by publication is proper, a copy of the petition, with a copy of the publication notice attached thereto, shall within six days after the first publication is made, be inclosed in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposited in the nearest post office, unless the plaintiff shall make and file an affidavit that such residence or place of business is unknown to him and cannot be ascertained within any means of his control, is mandatory; and a failure to comply with such requirement renders a judgment based upon such service void.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Cowley-Frye Lumber Company against J. E. Dow. Judgment for plaintiff, and defendant brings error. Reversed with directions.

Rogers & Jones, for plaintiff in error.

Cowley & Riddle, for defendant in error.

Opinion by JARMAN, C. The Cowley-Frye Lumber Company, a corporation, commenced this action against J. E. Dow in the district court of Okfuskee county, and sought to subject, by attachment proceedings, certain property of the defendant to the payment of an indebtedness which the plaintiff alleged the defendant owed it. Service was sought to be procured upon the defendant by publication; the cause was submitted to the court and judgment was rendered for the plaintiff, from which the defendant has appealed.

There are a number of assignments of error urged by the defendant, but, in our view of the case, it is necessary to consider only one, to wit: The service is fatally defective because the plaintiff failed to make and file an affidavit showing that a copy of the publication notice and a copy of the petition were mailed to the defendant within six days after the first publication of the notice. The affidavit to procure service by publication on the defendant alleges that the place of residence of the defendant was 542 W. Park, Olathe, state of Kansas. The record fails to show that a copy of the plaintiff's petition and a copy of the publication notice were mailed to the defendant at his place of residence or business as required by section 252, C. S. 1921. In construing said section, this court has held, that unless the plaintiff shall make and file an affidavit that the residence or place of business of the defendant, on whom service by publication is sought to be had, is unknown to the plaintiff and cannot be ascertained by any means within his control, it is mandatory that the plaintiff shall, within six days after the first publication of the notice to pro-

cure service on the defendant, enclose a copy of the plaintiff's petition, with a copy of the publication notice thereto attached, in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposit it in the nearest post office to the plaintiff. Stumpff et al. v. Price, 74 Okla. 117, 177 Pac. 109. The plaintiff having failed to comply with the mandatory requirements of said statute, the court did not acquire jurisdiction of the defendant, and its judgment is void.

The plaintiff insists, however, that this defect was remedied, and that the defendant waived any objections to the failure of the plaintiff to mail a copy of the petition, with a copy of the notice by publication attached, to the defendant by his appearing in court and seeking to have the service by publication quashed on the ground that he was a resident of the state of Oklahoma. After the service was attempted to be had on the defendant by publication, he entered a special appearance and filed a motion to quash the purported service by publication, "for the reason and on the grounds that said summons was not issued or served according to law, and for the further reason that this defendant is a resident of the state of Oklahoma." When this motion came on for hearing, evidence was produced by both sides on the question of the residence of the defendant. Plaintiff contends that the defendant did not urge at said hearing any other question to defeat the service by publication. The motion to quash challenged the attention of the court to the sufficiency of the record, as to whether jurisdiction over the defendant had been acquired through service by publication. If jurisdiction had not been acquired by the purported service by publication, it was necessary for the defendant to do more than to remain silent in order for the court to acquire jurisdiction over him, and, by his silence, he did not and could not waive the mandatory requirements of the statute as hereinabove pointed out.

For the reasons given, the judgment of the trial court is reversed for proceedings in keeping with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 488.