## GREGG v. LEACH et al.

No. 19456. Opinion Filed Sept. 30, 1930.

Leedy & Moyer, for plaintiff in error.

O. L. Aley, for defendants in error.

REID, C. The plaintiff Gregg filed this suit on March 30, 1926, against F. M. Leach and wife, to foreclose a mortgage given by the owner of lands situated in Ellis county, Okla., to secure the payment of the sums provided for in a note between the same parties. As to the defendants Waggoner, Berryman, and Davidson, plaintiff alleged that they claimed an interest in the land adverse and inferior to his mortgage, asked that they be required to set out such interest, and that he have judgment on his note and mortgage declaring his lien superior to all the claims of the defendants, and that a sale of the property be decreed and the proceeds applied accordingly.

Alice Waggoner was the only defendant who answered. She asserted ownership of the land by virtue of a tax deed dated and recorded June 12, 1925, to Berryman and a quitclaim deed by Berryman to her. The plaintiff replied by general denial and by attack on the different proceedings by the officers looking to the issuance of the tax deed. There was no contest as to the mortgage, but the court held the tax deed valid and quieted Waggoner's title as against plaintiff's mortgage.

The case here turns upon the sufficiency of the notice Berryman gave the owner upon his application for the tax deed.

Berryman attempted to get personal service on the alleged owner, H. L. Wilkerson, but the return of the officer stated that this party was not in the county and that the lands were unoccupied; thereupon, Berryman's attorney made an affidavit for service of notice by publication wherein it was stated that such owner was a nonresident of the state of Oklahoma, residing in Missouri; that they were unable with due diligence to make service of notice on her within the state of Oklahoma. The affidavit failed to state the address of the owner, or that her residence or place of business was unknown to the affiant and could not be ascertained by any means within his control.

Section 9749, C. O. S. 1921, prescribes, generally, the procedure to be followed by the holder of a tax certificate in obtaining a deed; and as to the notice says: "All service and returns shall be made in the same manner as that of summons in courts of record." Upon examination of our statutes relating to the service of summons in such courts it will be found that they cannot be literally applied and followed in obtaining a tax deed, but such statutes should be applied as far as may be practical. Section 252, C. O. S. 1921, Code of Civil Procedure, provides:

"Where service by publication is proper, a copy of the petition, with copy of the publication notice attached thereto, shall, within six days after the first publication is made, be inclosed in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposited in the nearest post-office, unless the plaintiff shall make and file an affidavit that such residence or place of business is unknown to the plaintiff and cannot be ascertained by any means within the control of the plaintiff."

In the absence of a statement in the affidavit for publication that the address of the owner was not known, etc., it became a prerequisite to proper service and the issuance of a deed thereon that the applicant comply with the requirements of section 252, supra, and mail to the owner a copy of the publication notice within six days after its first publication. There is no return or anything in the record showing that this was done.

In the case of Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666, this court stated the rule applicable here in this language:

"It will at least be presumed, in the ab-

sence of other testimony, that the notice of the tax sale certificate served or published, or both, and returned and filed in the office of the county clerk, was the only notice served. City Ry. Co. v. Chesney, 30 Kan. 199, 1 Pac. 520. Statutes relating to tax sales, prescribing the manner of the service of notices, are mandatory. Wilson v. Mc-Cornack, 10 Okla. 180, 61 Pac. 1068; Sanford v. Edwards, 19 Mont. 56, 47 Pac. 212, 61 Am. St. Rep. 482, and authorities therein cited; Harris v. Sargeant, 37 Ore. 41, 60 Pac. 608; French v. Ajax Oil & Development Co., 44 Wash. 305, 87 Pac. 359."

We have found that section 9749, supra, as to notice provides that all services and returns shall be made and returned in such manner as that of summons in courts of record; and we find it further directed therein:

"The notice, with the tax certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fee for such service and publication shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sales."

Such return should be complete and show all the necessary steps in obtaining service of the notice, and in this case should include the fact that a copy of the publication notice was mailed to the owner as required by section 252. This is absent from the record and there is no contention here that this necessary step in the service was taken. Complete service of the notice was necessary to the authority of the county treasurer to make the deed. Hutchins v. Richardson, 100 Okla. 80, 227 Pac. 432; Adams v. Callander, 93 Okla. 228, 220 Pac. 344; Union Savings Association v. Cummins, 78 Okla. 265, 190 Pac. 869; Lind v. Stubblefield, 138 Okla. 280, 282 Pac. 365.

The service was not complete upon the publication of the notice, but in the absence of affidavit that the owner's address was unknown, etc., it was necessary to go further and mail a copy of the publication to the owner within the time prescribed by the statute. Dow v. Cowley-Frye Lbr. Co., 119 Okla. 60, 247 Pac. 1109; Locke v. Gilbert, 133 Okla. 93, 271 Pac. 247; Stumpff et al. v. Price, 74 Okla. 117, 177 Pac. 109; Lynch v. Collins, 106 Okla. 133, 233 Pac. 709.

However, in this connection the defendant contends that, as there is an affidavit in the record made by the owner stating that she actually received a copy of the newspaper publication within the statutory time of mailing, this objection is obviated. It will be presumed that she did not receive it in the manner directed by the statute, for there is no proof in the record or contention here made that she did. To hold in this case that if the notice in the newspaper came to her in any manner it would then be sufficient, would inevitably lead to finally saying that when a party has actual knowledge that a deed has been applied for—no matter how such knowledge came—then a deed issued thereon is valid. When announced the same principle and practice would have to be applied in courts of record. On this question Cooley on Taxation (3rd Ed.) vol. 2, p. 930, said:

"The notice being a prerequisite to the officer's authority, the fact that in the particular case it can be shown that the party concerned was fully aware of the proceedings will be of no avail in supporting them. He is under no obligation to take notice of the proceedings unless notified."

While the tax deed is not void on its face, yet the service of notice was incomplete in the manner we have indicated and the same constitutes at least such an irregularity as required the court to set the deed aside, the proceedings for such purpose having been brought within one year after the deed was recorded.

In this connection we call attention to the recent case decided by this court wherein it was held that the mortgagee is entitled to notice. Foster v. Marshall, 141 Okla. 246, 284 Pac. 882.

The case is therefore reversed and remanded with directions to the trial court to enter judgment for the plaintiff establishing his mortgage debt, with interest and attorney's fees, a lien upon the land; ordering the land sold in payment, and for further judgment against the defendants Alice Waggoner, J. W. Berryman, and G. E. Davidson, canceling the tax deed and other adverse instruments, upon the plaintiff's making good his tender of the taxes, penalties, and costs paid for the tax deed.

TEEHEE, DIFFENDAFFER, HERR, LEACH, and HALL, Commissioners, concur.

By the Court: It is so ordered.