## CLAUSSEN et al. v. AMBERG.

No. 21684. Feb. 19, 1935.

Rehearing Denied May 7, 1935.

Twyford & Smith, for plaintiffs in error.

Chas. H. Garnett, for defendant in error.

RILEY, J. This action was commenced by defendant in error to quiet title to certain real property, seeking in connection therewith the cancellation of certain tax deeds.

Defendant Claussen answered claiming title under said tax deed, and particularly a correction tax deed, and pleaded the statute of limitation, under section 9746, 1926 Supplement to O. O. S. 1921 (12754, O. S. 1931); under section 9753, C. O. S. 1921 (12763, O. S. 1931), and subdivision 3, section 183, C. O. S. 1921 (99, O. S. 1931). The cause was tried to the court, resulting in a judgment and decree for plaintiff quieting his title and canceling the tax deeds.

Defendant appealed from said judgment and decree, and this court, in an opinion filed October 10, 1933, reversed said judgment decree.

Plaintiff in due time files his petition for rehearing. The opinion held that because the original tax deed was issued February 1, 1924, and a correction deed was issued November 22, 1924, and placed of record November 25, 1925, and this action was not commenced until July 6, 1928, "sufficient time had elapsed for running of the statute of limitations relative to the tax deeds under consideration"; that unless the deeds were void upon their face, the action was barred by such statute of limitation. The question whether or not said deeds were void upon their face was then considered, and it was held that the deeds were not void upon their face, and therefore the action barred. It was so held without regard to other proceedings theretofore had, in which the title to said property under said tax deeds was in question, and without consideration of the question of what effect such prior proceedings have as to tolling the statute of limitations.

The plaintiff in his petition for rehearing also asserted that no consideration was given to the question raised by him as to the want of power or jurisdiction of the county treasurer to issue the tax deeds, in that no effective service of notice of application for tax deed was ever had upon plaintiff, the then owner of said premises.

The petition for rehearing was granted, and the cause is now submitted for consideration upon all questions involved.

This is the third appeal to this court involving the question of title to said premises under said tax deeds.

In the beginning it may be said that section 9746, 1926 Supplement to C. O. S. 1921 (12754, O. S. 1931), has no application to the question of limitation or the validity of the tax deeds, for the reason that that section applies only to resale tax deeds, and the tax deeds here involved are deeds issued upon certificates of purchase, under section 9737, C. O. S. 1921 (12747, O. S. 1931). The

deed was issued under section 9749, C. O. S. 1921 (12759, O. S. 1931). Section 9753, C. O. S. 1921 (12763, O. S. 1931), provides as to time one year after the recording of the deed within which an action may be commenced to avoid such a tax deed, valid upon its face.

Subdivision 3, of section 183, C. O. S. 1921 (99, O. S. 1931), provides that an action for the recovery of real property sold for taxes can only be brought within two years after the date of the recording of the deed. More than two years elapsed between the date of recording the correction deed in the instant case and the commencement of this action.

Section 190, C. O. S. 1921 (106, O. S. 1931), provides that:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

This being the third appeal to this court involving the title of said land under said tax deeds, it becomes necessary to determine the effect of the former proceedings.

The litigation between the parties arose as follows: As stated above, the first tax deed was issued February 12, 1924, to defendant Claussen. Thereafter, on November 22, 1924, a corrected tax deed was issued upon the same certificate of purchase, and placed of record November 25, 1924. On November 29, 1924, four days after placing the corrected tax deed of record, Claussen commenced an action in the district court of Oklahoma county, wherein the property is located, to quiet his title to the property, based upon said tax deed. Service was had by publication, and a judgment was obtained by default on January 22, 1925. On January 23, 1925, Amberg filed a motion to set aside said default judgment, and an answer to Claussen's petition. On February 21, 1925, Amberg filed an amendment to his motion to vacate and answer, and later filed a second amendment.

Hearing was had and a judgment was entered vacating said judgment, and Claussen appealed therefrom to this court, and the order vacating the judgment was affirmed. Claussen v. Amberg, 119 Okla. 187, 249 P. 330.

In that case it was held that Amberg's motion to vacate and subsequent amendments thereto disclosed a valid defense, if sustained by the evidence.

Up to that time, however, Amberg had never specifically asked for affirmative relief, or that the tax deeds be canceled.

On October 2, 1926, the day the mandate was received in the district court, Claussen dismissed his action. On October 8, 1926, Amberg, upon the theory that the action was still pending upon his answer theretofore filed, filed a further amendment thereto, in which he, for the first time, specifically prayed for affirmative relief and for the cancellation of the tax deeds.

The matter came on for hearing on November 13, 1926, Claussen, being present by counsel, contended that the effect of his dismissal was to dismiss the entire action, and that Amberg was not entitled to judgment upon his answer and cross-petition, for the reason that no affirmative relief had been prayed for prior to the dismissal by Claussen of his petition. The trial court held contrary to Claussen's contention, and offered to allow him to plead to Amberg's cross-petition. This he declined to do, and judgment was thereupon entered in favor of Amberg, quieting his title and canceling the tax deeds. The judgment of the trial court therein, in part, found and held:

"Thereafter, and on the 20th day of November, 1926, the hearing of the said motion was duly and regularly resumed and after argument of counsel for both parties, and after being fully advised in the premises, the court finds that the original answer of the defendant herein sets up grounds for affirmative relief and prays for such relief, and defendant is entitled to a hearing and trial upon the matters and things set forth in said original answer and amendments thereto, notwithstanding the plaintiff has by order of court dismissed his action herein.

"The court finds that the dismissal of the action on the 2nd day of October by the court upon the petition of plaintiff would dismiss only the cause of action of the plaintiff, and would leave the cause subject to further proceedings and trial upon the answer of the defendant."

Claussen appealed from said judgment to this court, where said judgment was reversed. Claussen v. Amberg, 136 Okla. 106, 276 P. 233.

Therein it was held in substance that because Amberg had filed no pleading asking for affirmative relief before Claussen effectively dismissed his original petition, the court was without jurisdiction to render judgment on Amberg's cross-petition. The

opinion therein was filed May 15, 1928, rehearing was denied April 16, 1929. This new action was commenced July 6, 1928, less than two months after the decision of this court in the second appeal, and before the petition for rehearing was denied.

The question there is, Did Amberg have a judgment in his favor which was reversed, or did he fail otherwise than upon the merits, and if so, when did the failure become effective within the meaning of section 190, supra.? Certainly he had a judgment rendered in his favor which was reversed. Certainly he failed otherwise than upon the merits.

The principal question before the trial court after Claussen dismissed his action was whether the original answer of Amberg, together with the first and second amendments thereto, made before the dismissal by Claussen, were sufficient to hold Claussen in court and entitle Amberg to affirmative relief. If so, the subsequent amendment asking affirmative relief was entirely proper. Amberg insisted that such was the case. Claussen by his attorneys contended to the contrary.

The trial court held with Amberg, as shown by that portion of the journal entry quoted above. This court, upon appeal, held adversely to Amberg and reversed the judgment of the trial court. How, then, can it be said that Amberg did not fail in his attempt to obtain relief against the tax deeds otherwise than upon the merits? This court in neither of the appeals passed upon the merits of his claim. It has frequently been held that the purpose of section 190, C. O. S. 1921 (sec. 106, O. S. 1931), is to save to plaintiff the right to commence a new action where he has failed otherwise than upon the merits.

Stevens v. Dill, 142 Okla. 138, 285 P. 845, is a case where the plaintiff had undertaken to prosecute an action in a court which had no jurisdiction. He failed both in the trial court and upon appeal. Thereafter he commenced a new action in the proper court. In an appeal from that court it was held:

"Where one, attaining his majority, in good faith commenced a proceeding in a probate court to vacate an order of sale, order of confirmation and guardian's deed, whereby his land was sold by said court during his minority, and upon appeal to the Supreme Court his appeal is dismissed for the reason that the probate court never had jurisdiction to entertain that character of action, such cause of action as he may have had is saved from the bar of the statute of limitations by virtue of section 190, C. O. S. 1921, and may be brought as a new action within one year from the time the appeal was dismissed."

Referring to the provisions of section 190, supra, the court, in the body of the opinion, said:

"The saving clause should be given a liberal construction so as to cover all cases which may come within its terms by intendment."

Counsel for defendant cites Blair v. Craddock, 87 Kan. 102, 123 P. 862, and confidently asserts that said case is squarely in point. We do not consider it decisive of this case. While it does hold that a pleading in the nature of a petition in ejectment is filed after the dismissal by plaintiff under somewhat similar circumstances as here, the pleading in that case took effect only from the time it was filed and did not relate back to the commencement of the action. But in that case no consideration whatever is given to the saving statute allowing a new action to be filed. The right to do so was not involved in that case.

That case, however, supports the contention made by plaintiff herein in the second appeal as to his right to file amendment asking for affirmative relief after Claussen dismissed his action. But this court has held to the contrary, and that has become the law of the case.

In the Kansas case cited, it was observed that there were no "equities" in the case, in that each party by skillful maneuvering sought to entrap his adversary. If such matters are to be considered in this case, the so-called "skillful maneuvering" has been upon the part of the defendant Claussen. However, his actions were entirely within his legal rights. But if the provisions of section 190, supra, are to be given a liberal construction, as has been so frequently held, we think justice requires that the plaintiff's case comes clearly within the intendment of the statute, and that this action was properly commenced and within the time permitted by section 190, supra. That being the case, this action was commenced within time, and was not barred by the statute of limitation.

As stated before, there were two tax deeds issued by the county treasurer to Claussen upon the same tax sale certificates. The first tax deed dated February 12, 1924, and a corrected deed dated November 22, 1924. The first deed was clearly void upon its face in that it failed to contain certain essential recitations. It was doubtless upon that account that the correction deed was obtained.

The correction deed is the one relied upon. It is based wholly upon the preliminary proceedings, such as application, notice, etc., for the original deed. When application was made, notice of such application was placed in the hands of the sheriff of Oklahoma county. It was returned "not found" and service was attempted to be made by publication. An affidavit to obtain service by publication was made and filed, in which it was stated in substance that the residence or place of business is not known to the holder of the tax sale certificate and it cannot be ascertained by any means within the control of such holder of the tax certificate. Notice was published in a newspaper and proof of such publication was made. But no copy of the notice and application for tax deed appears to have been mailed to the owner within six days after the first publication, and no affidavit made and filed showing that the residence or place of business of the owner, Amberg, was at that time unknown to the applicant, and could not be ascertained by any means within his control, as required by section 252, C. O. S. 1921 (sec. 189, O. S. 1931). Section 9749, C. O. S. 1921, authorizing service by publication upon filing an affidavit, such as was filed in the instant case, provides that all service and return shall be made in the same manner as that of summons in courts of record.

In Gregg v. Leach et al., 145 Okla. 126, 292 P. 58, the effect of failure to file an affidavit, excusing the mailing of a copy of an application for a tax deed and a copy of the publication notice was considered, and it was there held:

"* * * And the failure to make such affidavit or to mail to the owner a copy of the publication notice as required by the latter section constitutes at least such an irregularity as required the court to set aside a deed based thereon where the action attacking the deed was brought within one year from the date the deed was recorded."

However, the affidavit to obtain service by publication in that case did not contain the statement that the residence or place of business of the owner was unknown, etc. But in Myers v. Purdy, 108 Okla. 147, 234 P. 638, it is pointed out that the whereabouts of a person may be unknown at a given time, although great diligence may have been exercised to ascertain same, yet, within a short time thereafter, he may be easily found by the exercise of reasonable diligence.

In N. Y. Baptist Union v. Atwell, 95 Mich. 239, where but five days had elapsed between the date an affidavit for publication was made and the date the order for such publication was made, it is said that:

"An order of publication must be based upon facts existing at the time the order is made. The rule that as matter of evidence a fact in its nature continuous, being once shown to exist, will often be presumed to continue, unless the contrary be shown, does not apply to the averment of a jurisdictional fact, which must appear as existing at the time the order is made."

It has thrice been held by this court that the provisions of section 252, C. O. S. 1921 (186, O. S. 1931), with reference to mailing a copy of the petition and notice to defendant is mandatory and must be strictly complied with where the address of the defendant is unknown. Stumpff v. Price, 74 Okla. 117, 177 P. 109; Dow v. Cowley-Frye Lbr. Co., 119 Okla. 60, 247 P. 1109; Locke v. Gilbert, 133 Okla. 93, 271 P. 247.

The only method provided by law to excuse mailing is the making of the affidavit provided in said section that the residence or place of business of defendant was unknown to plaintiff, and could not be ascertained by any means within the control of plaintiff. And this means at the time within which the notice and copy of the petition should have been mailed had the residence or place of business of defendant been known to, or ascertainable by due diligence by, plaintiff, viz., within six days after the first publication. In this case nine days elapsed between the filing of the affidavit for publication and the expiration of the six-day period. The statutory provisions relating to service of summons clearly contemplates two separate affidavits, one to obtain such service and the other showing mailing a copy of the petition and notice or excusing same. If it is mandatory that the affidavit of mailing should appear of record, it is equally important that the affidavit excusing such mailing should be filed.

Other questions are raised questioning the validity of the deeds in question, some of them asserting that both tax deeds were void upon the face thereof, but the irregularity above pointed out being sufficient to justify the court in setting the two deeds aside, when attacked within the one year after the recording thereof, we deem it unnecessary to consider such other alleged irregularities.

The judgment of the trial court is in all things affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.