**CASHMAN et al. v. BROWNING et al.**

No. 25011. June 2, 1936.

Rehearing Denied Sept. 15, 1936.

W. P. Z. German, Rainey, Flynn, Green & Anderson, and M. M. Gibbens, for plaintiffs in error.

James S. Twyford, Solon W. Smith, and William J. Crowe, for defendants in error.

BUSBY, J. This is an action by F T. Browning and M. C. Kelley, as alleged owners of lots 14 and 15, block 30, Patterson's Terrace Lawn addition to Oklahoma City, to quiet title to said property as against A. L. Cashman and the Skelly Oil Company, a corporation, who are claiming the property under a certificate tax deed.

The plaintiff Browning obtained title to the property in 1911 by warranty deed from one L. E. Patterson. Through some inadvertence or mistake, which is not germane to a decision herein, the plaintiff was described therein as F. F. Browning instead of F. T. Browning. On April 29, 1931, the plaintiff Browning, using his correct initials (F. T.), conveyed the land to the plaintiff M. C. Kelley. Kelley then conveyed back to Browning a one-half interest in the oil and gas royalty. At the time of these conveyances, Mr. Browning was and had been for some time prior thereto a resident of the state of Kentucky.

The basis of the defendants' claim to this property arises in the following manner: The taxes for the year 1921 were not paid and became delinquent and the property put up for sale at the regular November tax sa'e. It was bid in by the county and a tax certificate issued accordingly. Thereafter and on the 19th day of July, 1930, the defendant A. L. Cashman, an employee of the Skelly Oil Company, acting in accordance with the directions of that company and using money furnished by the company, paid to the county treasurer of Oklahoma county the tax penalties, interest, and costs of sale for the purpose of purchasing the interest of the county in the real estate. He procured from the county treasurer an assignment of the tax sale certificates (sec. 12752, O. S. 1931).

Cashman then, for the purpose of procuring a tax deed, attempted to proceed in accordance with the requirements of section 12759, O. S. 1931. We shall defer consideration of the sufficiency of these proceedings for the present.

On October 29, 1930, a certificate tax deed was issued by the county treasurer of Oklahoma county to the defendant A. L. Cashman, on the theory that the proceedings and notice required by section 12759, supra, had been sufficiently complied with. This deed was recorded on October 30, 1930. The next day the defendant Cashman executed an oil and gas lease to the defendant Skelly Oil Company. On May 27, 1931, less than one year after the tax deed was issued and recorded, the plaintiffs commenced a previous action in the district court of Oklahoma county, in which they sought to quiet title

against the defendants Cashman and the Skelly Oil Company. That action failed otherwise than upon its merits. It was dismissed on the 2nd day of June, 1932. The action having failed otherwise than upon its merits after the expiration of the statute of limitations prescribed by section 12763, O. S. 1931, the plaintiffs were entitled to commence another action for the same purpose within one year from the date of such dismissal. Claussen v. Amberg, 172 Okla. 197, 44 P. (2d) 92. On June 2, 1932 (within the year), this action was commenced. We are therefore in this case not concerned with the effect of the one-year statute of limitations (section 12763, supra) upon the validity of the certificate tax deed involved in this case. Claussen v. Amberg, supra.

On the trial of this case in the district court the tax deed was held invalid and title was quieted in the plaintiffs. The defendants appeal, appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designations.

In support of the judgment of the trial court the plaintiffs point out in their brief ten alleged fatal defects in the deed, and the proceedings upon which it was based. Under the view we take of this case, it is unnecessary for us to consider all of these asserted defects.

Section 12759, O. S. 1931, authorizes service by publication upon the owner of land where application has been made to divest him of title through a certificate tax deed, if such owner is a nonresident of the state. It is contemplated by this section of the statute that a copy of the notice by publication should be mailed to the owner within six days after the first publication, unless the owner's residence or place of business is at the time unknown to the applicant for tax deed and cannot be ascertained by any means within the control of the applicant. Claussen v. Amberg, supra. In this case the applicant, A. L. Cashman, did not mail or attempt to mail any copy of the notice by publication to the owner, F. T. Browning. Neither does it appear that the owner had any actual notice that the application to procure a certificate tax deed had been made. The applicant's excuse for failure to mail the notice is contained in his affidavit for service by publication, wherein he stated under oath that he did not then know and could not ascertain the residence or place of business of the owner. Incidentally, this affidavit was not sufficient to excuse the mailing of the notice, unless followed by a subsequent affidavit showing that the residence or place

of business was not known to the applicant during the time prescribed for mailing the notice. Claussen v. Amberg, supra. Such subsequent affidavit does not appear in the record now before us. The burden of producing the same in aid of the validity of the tax deed was upon the defendant, who sought to defeat the previous owner by virtue of the tax deed. Henderson v. Langley, 173 Okla. 550, 49 P. (2d) 167. This point alone is sufficient to justify the decision of the trial court. However, we shall not rest our affirmance of that decision entirely upon the point, because there is some doubt whether the question was properly raised in the briefs now before us.

The only notice upon the owner, F. T. Browning, of the application for the certificate tax deed was such constructive notice as was imparted to him through service by publication in an Oklahoma newspaper. In the application for service by publication and in the notice by publication the owner of the premises was designated as F. L. Browning. The middle initial was incorrect. It neither corresponded to the plaintiff's correct designation (F. T. Browning) nor to the designation by which he obtained title (F. F. Browning). Obviously, by reason of this defective notice, Mr. Browning had little or no chance of learning about the attempted involuntary alienation of his property through a tax deed proceeding. Those among his Oklahoma acquaintances who might chance to see the notice by publication would be extremely unlikely to identify the F. L. Browning therein described as the F. T. Browning of their acquaintance, or the F. F. Browning shown as the record owner of the property involved. It could, therefore, not be reasonably expected that the owner would be advised of the tax deed proceeding through such an Oklahoma acquaintance. Notice by publication is at best poor enough for the purpose of advising a person that his property rights are being affected by pending proceedings, and a notice which so inaccurately describes the owner as to be misleading cannot be judicially approved in the absence of other curative circumstances.

It is true that as a general proposition a middle initial is not considered to be any part of a name, and that likewise mistakes in naming a party to a proceeding should not be considered fatal when the right party is actually served and thereby obtains actual notice of the pendency of the proceeding. See Maine v. Edmonds, 58 Okla. 645, 160 P. 483. This liberal rule should not obtain where a person is designated only by ini-

448

tials for the purpose of obtaining service by publication and actual notice of the pendency of the proceeding is not imparted to such person, either by mailing a copy of the notice to him or otherwise.

An identical situation was before the Supreme Court of Washington in the case of Carney et ux. v. Bigham, 99 P. 21. The proceeding was one to obtain a tax deed through a foreclosure action prescribed by the statutes of that state. The correct designation of the owner of the property was J. E. Carney. An attempted service by publication was made in which the owner was described as J. G. Carney, and upon this service a tax deed was obtained. The action was then started to set aside the tax deed. The Washington court in holding the same invalid said:

"Nor can the foreclosure proceedings be upheld on the theory that the middle initial is no part of a person's name, and hence no part of the name inscribed upon the assessmeint roll or in the certificate of delinquency. At common law it is true a legal name consisted of one given name and one surname or family name, and mistakes in a middle initial or a middle name were not regarded as of consequence. But since the use of initials, instead of a given name, before a surname, has become a common practice, the necessity that these initials be all given and correctly given in court proceedings has become of importance in every case and in many absolutely essential to a correct designation of the person intended."

We believe the reasoning of the Washington court sound and applicable to this cause, and that under the doctrine therein recognized the judgment of the trial court should be affirmed. However, we go no further than to hold that the middle initial must be correctly stated when the party is designated by initials and family name only.

Different questions, of course, would be presented if the designation of the owner, though incorrect as to middle initial, correctly stated in full both his given name and surname, or if it accurately stated the incorrect name under which he held record title, or if such owner actually received through the mail a copy of the notice by publication and thus had actual knowledge thereof. See generally upon the subject, annotation in 53 A. L. R. 903.

In this case there was no such delay in commencing the action to destroy the invalid tax deed as would warrant an application of the doctrine of estoppel or the doctrine of laches in favor of those who had a few months prior to the time the first action was commenced attempted to procure title to the property under the invalid tax deed presented by the record before us.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ. concur. BAYLESS, J., absent.