### VINSON v. OKLAHOMA CITY.

No. 23403.    Feb. 2, 1937.

Rehearing Denied April 13, 1937.

Edwards & Robinson, S. A. Horton, and Nowlin, Spielman & Thomas, for plaintiff in error.

Harlan T. Deupree, Acting Municipal Counselor, A. P. Van Meter, Asst. Municipal Counselor, and W. H. Brown, for defendant in error.

HURST, J. This action was originally commenced in June, 1917, by the county attorney of Oklahoma county against the Oklahoma Brick Company, the city of Oklahomt City, E. H. Vinson, and other lot owners in a ten-acre tract of land located in Dittmer Heights addition to Oklahoma City, to abate a public nuisance. The defendant Vinson was the owner of about three acres of this tract which was creating the nuisance. Service was obtained upon him by publication, and he made no appearance in the action. The court, on July 15, 1918, rendered judgment ordering the defendants to abate the nuisance. The court further found that the land was suitable for park purposes, and the judgment provided that if the brick company would convey its interest in the property to the city within 15 days, it would be absolved from all further liability. It was also provided that if the other defendants did not abate the nuisance within 15 days, the mayor and the city commissioners, as the board of health of said city, were ordered and directed to abate it, and all expenses incurred thereby would be charged as costs in the case. The court decreed as follows:

"And the court hereby retains jurisdiction of this case for the purpose of charging said costs and making such orders and judgments as may be necessary in enforcing the collection of said costs and in enforcing the judgment so rendered as a lien against the premises upon which the work may be done to abate said nuisance."

No appeal was taken from the judgment and no attempt was made to abate the nuisance within the 15 days allowed, but during

that period of time the brick company deeded all of its interest in the property to the city, and thereby was relieved from liability.

During the years 1920 and 1921, the city abated the nuisance and has used the property as a public park ever since said date. On February 9, 1925, the city filed with the court clerk its report showing what it had expended in abating the nuisance, and prayed that the report be approved. No notice was served on Vinson. On February 27, 1925, the court rendered judgment approving the same and found that the city had expended $40,000 in doing the work and taxed this sum as a lien on the three acres of land belonging to Vinson and the other lot owners. The judgment further provided that the city be given its option to either sell said property or file a new suit entering additional parties, if desired, so that the sale of said premises might be fully enforced and title to said premises fully cleared. Nothing further was done, but on February 26, 1931, the city commenced this action against E. H. Vinson and the other lot owners to revive the judgment of February 27, 1925. All of the defendants, except Vinson, either defaulted or filed disclaimers. Vinson answered contending that the judgment was void. Judgment was rendered on August 27, 1931, in favor of plaintiff reviving the judgment of February 27, 1925, giving the city a lien upon Vinson's lots for the sum of $40,000 and quieting title, subject to said lien. It was further provided that if the judgment was not immediately paid, an order of sale should issue commanding the sheriff to sell the property and apply the proceeds to the payment of the costs and judgment of $40,000 with interest. Vinson filed motion for new trial, which was overruled, and has appealed to this court on the ground that both the judgment of 1918, which adjudged the property to be a nuisance, and the judgment of 1925, giving the city a lien for the money expended in abating said nuisance, were null and void.

It is first urged that the judgment of 1918 is void because the plaintiff failed to file an affidavit showing the mailing of copies of the petition and publication notice to Vinson. We do not agree with this contention. The failure to mail copies of the petition and notice does not appear on the face of the record. On the contrary, the judgment affirmatively negatives such failure by this recital:

"That as to all the above-named defendants who have not answered or pleaded or appeared in said cause, they have been served with summons or served with summons by publication, the court finds as to each and all of said named defendants so not appearing, the service upon said defendants is in all respects as required by law and that the said defendants so not appearing are now in default for failure to plead or answer or otherwise appear in said cause."

This court has held that the failure to file an affidavit proving the mailing of copies of the petition and publication notice as required by section 186, O. S. 1931, does not affect the validity of the judgment rendered thereon. There is no provision of law requiring the filing of such an affidavit. Compliance with this section of the statute may be shown either by filing an affidavit or by proof to the trial court. Young v. Campbell (1932) 160 Okla. 265, 16 P. (2d) 65. It is true that the mailing of the petition and notice must actually be made, unless an affidavit is filed showing that the residence or place of business of the defendant cannot be ascertained. But where the journal entry of judgment recites that the service is proper, the judgment is valid on its face, and the attack on this ground can only be made under the third subdivision of section 556, O. S. 1931, and must be made within three years after the rendition of the judgment as provided in section 563, O. S. 1931. Crowther v. Schoonover (1928) 130 Okla. 249, 266 P. 777; Samuels v. Granite Savings Bank & Trust Co. (1931) 150 Okla. 174, 1 P. (2d) 145.

The cases of Stumpff v. Price (1919) 74 Okla. 117, 177 P. 109, and Dow v. Cowley-Frye Lumber Co. (1926) 119 Okla. 60, 247 P. 1109, holding the judgment void, are not in conflict with this holding. In those cases the record affirmatively showed that copies of the notice and petition were not in fact properly mailed as required by the statute. Neither do we find the case of Claussen v. Amberg (1935) 172 Okla. 197, 44 P. (2d) 92, to be in conflict with our views. In the part of that opinion dealing with the procedure to secure tax deeds under section 12759, O. S. 1931, where it is provided that service by publication must be in the same manner as that of a summons in courts of record, it was held that if a copy of the petition and notice is not mailed to defendants, then section 186, O. S. 1931, requires that an affidavit be filed showing that his residence or place of business is unknown. With this, we entirely agree. But in that case there was no judgment of a court of record reciting that such publication service was proper. Under the tax deed proceedings referred to there is no judgment,

thus the issue was not the one before the court in Crowther v. Schoonover, supra or Samuels v. Granite Savings Bank & Trust Co., supra, and now under discussion. However, by way of dictum, the court makes the following statement:

"The statutory provisions relating to service of summons clearly contemplates two separate affidavits, one to obtain such service and the other showing mailing a copy of the petition and notice and excusing same. If it is mandatory that the affidavit of mailing should appear of record, it is equally important that the affidavit excusing such mailing should be filed."

This statement is contrary to Young v. Campbell, supra, where it is held that there is no provision of law requiring the filing of an affidavit of mailing a copy of a petition and publication notice, which is the prevailing rule in this state.

The contention that the court did not have jurisdiction to abate the nuisance and charge the expense thereof against the property is without merit. Section 11496, O. S. 1931, gives the court power to abate the nuisance, and under the well-known equity doctrine, reiterated in Yeargain v. Shull, Bank Com'r (1931) 149 Okla. 221, 300 P. 303, that a court of equity once obtaining jurisdiction on any ground will retain it for the purpose of administering complete relief, the method of abatement and taxing of expenses prescribed in the decree was within the power of the court. The judgment of 1918, therefore, is not void.

It is next argued that the judgment of February 27, 1925, is void for the reason that no service or process was served on Vinson advising him of the filing of the expense account or the hearing of the same. We agree with this contention. The judgment violates the due process clause of our Constitution (article 2, sec. 7, Okla. Const.). The cases are legion in holding that "due process" requires notice and an opportunity to be heard. The requirement is jurisdictional.

The cases of Derr v. Weaver (1935) 173 Okla. 140, 47 P. (2d) 573, and Muskogee Iron Works v. Bason (1936) 176 Okla. 298, 55 P. (2d) 68, are analogous to this case on the question of necessity for notice. Both cases held that, although the Industrial Commission had jurisdiction over the persons and subject-matter in rendering the original judgment, yet further action substantially affecting the award, without notice, violated the constitutional guaranty of due process.

The case of In re White's Estate (1936) 175 Okla. 439, 52 P. (2d) 1075, is also apposite. It was there held that notice and opportunity to be heard must be given before the final adjudication of claim of an administrator for his fee can be made by the court.

The record in this case shows that the city performed the work in 1920 and 1921, but did not file its claim until February 9, 1925. The claim was in effect a supplemental cross-petition. Notice to the adverse party in such cases is necessary. Wood v. Speakman (1931) 153 Okla. 180, 5 P. (2d) 121; Central Nat. Bank v. Sharp (1934) 168 Okla. 516, 34 P. (2d) 241; Hirschman v. Forster (1916) 59 Okla. 178, 158 P. 1177.

The judgment of February 27, 1925, therefore, is void for want of service on Vinson, and cannot be revived. It follows that the judgment of revivor appealed from is also void. This ruling places the parties where they stood on February 9, 1925, when the city filed its claim for expenses of abating the nuisance and its motion to have the same approved, and established it as a lien on the property affected.

The record discloses that the city has, since about 1920 or 1921, been using all of said land, including that belonging to Vinson, as a public park. It can do this by right of eminent domain. Section 10051, O. S. 1931. Where the city has taken possession of property without the consent of the owner, and he stands by and permits it to spend large sums of money in improvement, he is estopped from maintaining either trespass or ejectment and is entitled to a suit for damages for the value of the land at the time of the appropriation. St. Louis & S. F. R. Co. v. Mann (1920) 79 Okla. 160, 192 P. 231. We are not unmindful of the conflicting rights of the parties in this case, and the equity court having jurisdiction to administer complete relief, the judgment is reversed and remanded, with the following instructions pursuant to our holding:

If the city, within 20 days after the mandate is filed in the lower court, elects in writing filed in the lower court to continue to use the premises in question for park purposes, the lower court is directed to permit it to file a cross-petition asking the condemnation of said land for park purposes, and appraisers shall be appointed as provided by law for that purpose with directions to make a valuation and appraisement of the same as it was immediately prior to the time the city abated the nuisance and took possession of the same for park purposes, and to pro-

ceed as provided in the eminent domain statutes of this state. If, however, the city does not elect to so condemn the premises, then the court is directed to quiet Vinson's title to said land as against the city, subject to its lien, and to allow Vinson a reasonable time within which to file his plea or response to the expense claim and to make up the issues thereon and to hear and determine the same and fix the amount the city reasonably and necessarily expended in abating the nuisance on the property now owned by said Vinson, and to declare the same to be a lien thereon and direct the sale of the same free from all claims of the city, to satisfy said lien, as ordered in the judgment of July 15, 1918.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, and CORN, JJ., concur. BUSBY and GIBSON, JJ., absent.