## RITCHIE et al. v. KEENEY.

No. 27346. Nov. 9, 1937.

208

C. W. Wainwright and Chas. H. Garnett, for plaintiffs in error.

O. J. Roberts, for defendant in error.

RILEY, J. This is an appeal from an order denying a motion to set aside and vacate a judgment theretofore entered in the district court of Oklahoma county quieting the title to certain real property in the defendant in error, F. W. Keeney.

On May 3, 1930, defendant in error filed his petition against E. B. Ritchie and other defendants.

On the same day he filed in the case an affidavit to obtain service by publication as to certain defendants, including Ritchie.

Notice by publication was issued and published four consecutive weeks, the first publication being on May 9, 1930.

On July 10, 1930, judgment was taken against Ritchie and other defendants quieting title in plaintiff in said action to the lots here in question, and other property. Only the property in which Ritchie claimed an interest is involved in this appeal.

The journal entry of judgment filed July 17, 1930, contained a recitation that:

"The said defendants and each of them having been served with notice more than 41 days prior to this date of the pendency of this action, as required by law, by publication of notice thereof for three consecutive weeks in the Capitol Hill Beacon, a newspaper printed in and of general circulation in Oklahoma county, state of Oklahoma, the last date of publication being the 30th day of May, 1930.".

It also contained a recitation to the effect that the defendants had been ordered in default, and that the allegations of plaintiff's petition be ordered to be taken as true and confessed.

These recitations were followed by a recitation that evidence and testimony of witnesses had been taken, heard, and considered by the court, and a finding that the averments of plaintiff's petition were true. Judgment was entered accordingly.

On February 26, 1936, five years, seven months, and 16 days after the date judgment was rendered, defendant Ritchie, joined by his grantee, Charles H. Garnett, filed a special appearance and a motion to vacate the judgment rendered against Ritchie.

The motion assails the judgment as being void for want of jurisdiction of the person of E. B. Ritchie or over his rights in and title to said property, the subject matter of the action.

The specific grounds set up in the motion are: That the purported service of summons by publication is defective, insufficient and void, "for that no copy of the petition filed therein, with a copy of the publication notice attached thereto, was, within six days after the first publication of said notice nor any copy of said petition or said publication notice separately, was within six days after the first publication of notice, mailed to the defendant"; that no affidavit was ever filed that the residence or place of business of said defendant was unknown, etc., so as to excuse mailing a copy of the petition and notice; that the affidavit made for the purpose of obtaining service by publication was not valid and legally sufficient in form or substance to support service of notice by publication; that an unreasonable length of time, to wit, six days, elapsed between the date of making the affidavit to obtain service of summons by publication and the date of the first publication.

The motion also alleged that on January 18, 1936, Ritchie conveyed by deed his title in and to said property to Chas. H. Garnett, his comovant, and that Ritchie joined as movant for the benefit and in the interest of his said grantee. Service of the motion was had upon Keeney. On March 6, 1936, the motion to vacate was heard and thereafter denied and movants appeal.

The question presented is whether the judgment entered on July 10, 1930, quieting the title in and to the premises involved in defendant in error, F. W. Keeney, is and was void on the face of the record. If the judgment was irregular and voidable only,

the motion of plaintiffs in error comes too late. ·

Section 556, O. S. 1931, grants power to a district court to vacate or modify its own judgment or orders at or after the term at which such judgment or order was made upon any one or more of nine grounds. None of the nine grounds are applicable here, because the motion was not filed within three years.

The last provision of section 563, O. S. 1931, is that a void judgment may be vacated at any time on motion of a party, or any person affected thereby.

In Crowther v. Schoonover, 130 Okla. 249, 266 P. 777, it is held:

"The provision of the statute that, a void judgment may be vacated 'at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll."

What constitutes the judgment roll has been stated as:

"The petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Shaw v. Grumbine, 137 Okla. 95, 278 P. 311.

Where a judgment is attacked by motion as being void upon the face of the judgment roll for want of service of summons, the summons, return, and journal entry of judgment must be read together. Good v. First Nat. Bank of Roff, 88 Okla. 110, 211 P. 1051.

The principal contention of plaintiffs in error is that the judgment sought to be vacated is void upon the face of the judgment roll because it does not appear therefrom by affidavit filed in the case that a copy of the petition and a copy of the publication notice was mailed to defendant Ritchie within six days after the first publication of the notice, and that there is no affidavit showing excuse for failure to mail copy of the petition and notice within the six days because the plaintiff did not then know and could not by due diligence ascertain the whereabouts of the defendant.

The question of the validity of a judgment where the record does not contain an affidavit excusing the mailing of a copy of the petition and notice, was before this court in Woodley v. McKee, 101 Okla. 120, 223 P. 346.

Therein it was contended that failure to file this affidavit rendered the judgment void. In the opinion it is said:

"It is unnecessary for us to determine whether this would be true if it appeared from the face of the record that there was a failure to file the affidavit, for the record in this case shows that the journal entry of judgment recites:

" 'The court finds upon said examination that said service of summons by publication has been legally and duly made, is complete, and that the proof thereof is sufficient and that the same is hereby approved'

"—and there is nothing in the record from which the irregularity complained of appears."

The judgment was there held as appearing valid on its face, and the only law under which it could be attacked was the third subdivision of section 5267, R. L. 1910, which is the same as section 556, O. S. 1931.

The same question was again before the court in Crowther v. Schoonover, 130 Okla. 249, 266 P. 777. Therein it was held:

"Where service is obtained by publication and the judgment recites 'that said service of summons by publication has been legally and duly made', and there is nothing on the face of the record to show irregularity of the service, an attack on the judgment as being void because of failure to make and file affidavit as required by section 252, C. O. S. 1921, can only be made under the third subdivision of section 810, C. O. S. 1921; Woodley v. McKee, 101 Okla. 120, 223 P. 346."

In Young v. Campbell, 160 Okla. 265, 16 P. (2d) 65, it is held:

"There is no provision of law requiring the filing of an affidavit of mailing a copy of a petition and publication notice, and compliance with the provisions of section 252, C. O. S. 1921, may be shown either by the filing of an affidavit or by proof to the trial court."

In Vinson v. Oklahoma City, 179 Okla. 590, 66 P. (2d) 933, it is held:

"Where service is obtained by publication, and the journal entry of judgment recites that service is proper, the judgment is not void on its face, and an attack on the ground that there was no mailing of copy of the petition and publication notice or affidavit filed excusing same, as required by section 186, O. S. 1931, can only be made under the third subdivision of section 556, O. S. 1931, and must be made within three years after the rendition of the judgment as provided in section 563, O. S. 1931."

In the latter case a number of the cases cited and relied upon to some extent by plaintiffs in error are cited, discussed, and shown not to be in conflict with the rule followed in the Vinson Case.

In Weimer v. Augustana Pension & Aid Fund, 179 Okla. 572, 67 P. (2d) 436, the question was again before the court. Therein it is said:

"The recital in the judgment that all defendants were served by summons and notice of publication required by law is not overthrown by absence from the files of proof of service, or failure of the appearance docket to show the filing of such proof."

It is, therefore, settled law in this state that where the judgment of a court of general jurisdiction recites that service of summons by publication has been duly and legally made, or has been made by publication as required by law, or similar recitations or findings, a judgment based thereon will not be held void on the face of the judgment roll, and will not be set aside upon motion filed more than three years after the date of the judgment.

Under this rule the judgment here involved is not and was not void on the face of the judgment roll. Such judgments, as pointed out in Weimer ·v. Augustana Pension & Aid Fund, supra, are to be distinguished from those cases involving judgments where no such recitations or findings are contained in the judgment, and are likewise to be distinguished from cases involving application for tax deeds such as Gregg v. Leach, 145 Okla. 126, 292 P. 58; Claussen v. Amberg, 172 Okla. 197, 44 P. (2d) 92, and Cashman v. Browning, 177 Okla. 446, 60 P. (2d) 619. It may be noted that in the three latter cases, the proceedings wherein the service of notice by publication were held defective so as to render the tax deeds voidable were not proceedings in a court of general jurisdiction, but were proceedings before county treasurers. It may also be noted that the tax deeds involved were not held to be void on their face, but voidable in a proceeding commenced within one year after the tax deeds were placed of record.

The rule laid down applies to the alleged defects in the affidavit to obtain service by publication, and also to the contention that an undue time elapsed between the date of making the affidavit and the first publication. However, an examination of the affidavit to obtain service by publication discloses that the positive statement is made therein that service of summons could not with due diligence be made upon the defendant Ritchie within the state of Oklahoma. What is said thereafter as to the belief of affiant that Ritchie was a resident of the state of Texas, although but a mere expression of belief, does not weaken or detract from the positive averment in the affidavit.

Furthermore the affidavit was executed on May 3, 1930, and first publication was made May 9, 1930, in the Capitol Hill Beacon, a weekly paper. Therefore, there were but six days between the two dates, including the day of publication. This is by no means an unreasonable length of time. Where publication is made in a weekly paper, there must be in many cases some time elapse between filing the petition and the first publication, and in some cases it must be at least six days.

The judgment is affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and DAVISON, J., absent.