SMITH v. HEAD et al.

No. 28322. Feb. 16, 1943.

Rehearing Denied March 16, 1943.

*134 P. 2d 973.*

T. K. Quillin, C. E. McAfee, and Willingham & Fariss, all of Oklahoma City, for plaintiff in error.

Everest, McKenzie & Gibbens, Twyford & Smith, and William J. Crowe, all of Oklahoma City, for defendants in error.

RILEY, J. This is an action to quiet title on lots 3 and 4, block 1, McNabb Park addition to the city of Oklahoma City, commenced by defendant in error M. L. Head.

Plaintiff alleged title by deed from Charlotte Ellen Fogg, the widow and sole heir of T. E. Fogg, deceased, who in his lifetime obtained title from A. M. and Callie L. McNabb. Plaintiff in error, Roy M. Smith, was made a party defendant, along with a number of other parties. Elma Fogg intervened, claiming to be a sister and one of the heirs of said T. E. Fogg and the owner of an undivided one-half interest in said lots. However, she had sold her interest in the lots to E. F. Allin and her pleading was for the benefit of her said grantee. Later Allin was made a party and various pleadings were filed by parties whose interests have been settled. The action as tried was by Head, Elma Fogg, and E. F. Allin, as plaintiffs, against Roy M. Smith and H. L. Berry.

It is alleged that the defendant Roy M. Smith has a quitclaim deed from T. Morris, to whom a certificate tax deed had been issued by the county treasurer of Oklahoma county on May 9, 1930, which deed was of record and had been for more than one year. This deed is sought to be removed as a cloud upon plaintiff's title for the reason that it is invalid and void for failure of the applicant to serve notice of application for the deed upon T. E. Fogg, the record owner of the lots.

Smith, by answer and amended answer, asserted the validity of the tax deed and pleaded the one-year statute of limitations.

At the trial it was stipulated that prior to the issuance of the tax deed to Morris, application therefor was filed by Morris, and notice thereof was served by publication, and that the notice as published was directed to F. E. Fogg and not to T. E. Fogg. It also appears that no separate affidavit in lieu of mailing a copy of the application and notice was made and filed by the applicant. The tax deed is assailed upon these two grounds. The trial court, after full hearing, found generally in favor of plaintiffs and entered a decree quieting title in plaintiffs M. L. Head and Elma Fogg and decreed each to be the owner of an undivided one-half interest in said lots, with the further pro-

vision that the decree to Elma Fogg was for the benefit of her grantee, E. F. Allin. The decree canceled of record the tax deed from the county treasurer to Morris and quitclaim deed from Morris to Roy M. Smith.

From this judgment and decree Roy M. Smith alone appeals.

The first issue presented on appeal is whether, when notice of demand for a certificate tax deed is given by publication, it is necessary to mail a copy of the application and publication notice to the record owner, at his last known place of residence or business, within six days after the first publication, or, in lieu thereof, make and file an affidavit that such residence or place of business is unknown and cannot be ascertained, as provided by section 186, O. S. 1931 (Title 12, O. S. 1941 § 172). In the instant case the affidavit required by said section was not made.

This identical question was involved in the case of Claussen et al. v. Amberg, 172 Okla. 197, 44 P. 2d 92. We there called attention to the fact that section 12759, O. S. 1931 (Title 68, sec. 451, O. S. 1941), authorizing service of notice of application for a tax deed by publication, provides that such service shall be made by publication for three successive weeks in some newspaper of general circulation published in the county seat of the county in which the real estate is situated, and requires that "service and return shall be made in the same manner as that of summons of courts of record."

We here call attention to the provisions of section 186, O. S. 1931 (Title 12, O. S. 1941 § 172), which are:

"Where service by publication is proper a copy of the petition, with copy of the publication notice attached thereto, shall, within six days after the first publication is made, be inclosed in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposited in the nearest post office, unless the plaintiff shall make and file an affidavit that such residence or place of business is un-known to the plaintiff and cannot be ascertained by any means within the control of the plaintiff."

In Dow v. Cowley-Frye Lumber Co., 119 Okla. 60, 247 P. 1109, it is held that the provisions of said section are mandatory and that a failure to comply with such requirements renders a judgment based upon such service void.

In Weimer v. Augustana Pension and Aid Fund et al., 179 Okla. 572, 67 P. 2d 436, it is said:

"The rule that presumption will supply omission in the record of a judgment is confined to courts of general jurisdiction. In limited courts or administrative tribunals, the presumption is not indulged, and the record is, in some respects, accepted as reflecting the whole proceeding."

In Claussen v. Amberg, supra, it is held:

"Where service of notice of application for a tax deed is sought to be made by publication, although the applicant in his affidavit to obtain service by publication states that the residence or place of business of the owner of the premises is not known to the holder of the certificate and cannot be ascertained by any means within the control of such applicant, and no copy of the application for a deed and publication notice is mailed to the owner and the applicant files no affidavit excusing the mailing of such copies as is required by section 252, C. O. S. 1921 (sec. 186, O. S. 1931), the failure to make and file such affidavit excusing failure to mail the publication notice or application constitutes such an irregularity as would authorize the court to set aside the tax deed based thereon where the action attacking the validity of the deed was commenced within the time provided by law."

It may be noted that we there held that the failure to make and file the affidavit excusing failure to mail the publication notice and application constituted an irregularity such as would authorize the court to set aside the tax deed, based thereon, where the action attacking the validity of the deed was commenced within the time provided

by law. The one-year statute of limitations was not involved in that case and we had no occasion to pass upon the question of whether the statute would run against a deed under such circumstances. We did hold under the authority therein cited that the making and filing of the affidavit was mandatory. If it be mandatory and is not made and filed, the county treasurer is without jurisdiction or authority to issue the tax deed.

There is a clear distinction between the action of a county treasurer, a ministerial officer, in issuing a tax deed without complying with the statutes and a judgment of the court without the filing of such an affidavit. Vinson v. Oklahoma City, 179 Okla. 590, 66 P. 2d 933. In case of a judgment, where the journal entry recites that affidavit and proof of publication has been examined and approved by the court, there is in effect an adjudication that there has been compliance with the statute and the judgment is valid unless the judgment roll affirmatively negatives the effect of the recital. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817.

We have repeatedly held that failure to serve the notice of intention to apply for tax deed is a *jurisdictional defect* and is not aided by the one-year statute of limitations. Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Henderson v. Langley, 173 Okla. 550, 49 P. 2d 167. The filing of the affidavit, like the giving of the notice, is a statutory step leading up to the authority of the treasurer to execute the deed. It follows that the failure to file the affidavit required by said section is a jurisdictional defect. We see no occasion for departing from the rule announced in Claussen v. Amberg, supra. That case has been followed or approved in Vinson v. Oklahoma City, supra; Cashman et al. v. Browning et al., 177 Okla. 446, 60 P. 2d 619; Ritchie v. Keeney, 181 Okla. 207, 73 P. 2d 397; and Washburn et al. v. Culbertson et al., 181 Okla. 476, 75 P. 2d 190. The tax deed is void for a jurisdictional defect. The action to set it aside was not barred by the one-year statute of limitations.

We deem it unnecessary to discuss the question of the defect in the notice as being directed to F. E. Fogg instead of T. E. Fogg.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.